**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------------------

|  |  |
|---|---|
| CHARLES C. HARRIS, THOMAS CLIFFORD, ) | |
| DAVID R. DESROSIERS, RICHARD M. EVENS, ) | |
| WILLIAM S. McLAUGHLIN, JR., THOMAS M. MURPHY, ) | |
| JAMES POWERS, GARY PREVOST, ROBERT ROZELL, ) | |
| TERRY L. VANARNUM, JR., KEVIN WHIBLE, ) | |
| PAUL J. WOLFE, DAVID J. COWLES, and ) | |
| JOHN W. WEAVER, ) | |

                                                            )
                                        Plaintiffs,          )
                                                            )          Civil Action No. 05-951
              -against-                                      )          FJS/RFT
                                                            )
FINCH, PRUYN & COMPANY, INC.,                                )
THE RETIREMENT BOARD OF FINCH, PRUYN & CO., INC., )
RICHARD J. CAROTA, DAVID P. MANNY,                           )
LAURIER J. LAVIGNE, JEFFREY W. BENWAY,                       )
and JOHN E. LEVANDOSKY,                                      )
                                                            )
                                        Defendants.          )
--------------------------------------------------------------------------------

### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

BLITMAN & KING LLP
Attorneys for Plaintiffs
Office and Post Office Address
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204-1415
Telephone:  (315) 422-7111
Facsimile:  (315) 471-2623
saminer@bklawyers.com

Of Counsel:
James R. LaVaute, Esq.
Stephanie A. Miner, Esq.
Daniel E. Kornfeld, Esq.

# TABLE OF CONTENTS

Page No.

STATEMENT OF THE CASE ........................................................................................ 1

ARGUMENT ............................................................................................................... 3

POINT I ...................................................................................................................... 3
DEFENDANTS CANNOT MEET THE HIGH STANDARD FOR DISMISSAL
PURSUANT TO EITHER RULE 12(b)(6) OR RULE 12(c) .......................................... 3

POINT II ..................................................................................................................... 6
DEFENDANTS HAVE NOT ESTABLISHED PLAINTIFFS' CLAIMS ARE
TIME-BARRED ........................................................................................................... 6

POINT III .................................................................................................................... 12
THE COMPLAINT ADEQUATELY ALLEGES PLAINTIFFS ARE PARTICIPANTS ........... 12

POINT IV .................................................................................................................... 18
THE FIDUCIARY STATUS OF DEFENDANTS CAROTA, MANNY AND LAVIGNE IS
SUFFICIENTLY ALLEGED ........................................................................................... 18

    A.    The Exercise of Discretionary Authority Creates Fiduciary Status ................... 20

    B.    Corporate Oversight of Fiduciaries Creates Fiduciary Status ........................... 22

    C.    Co-Fiduciary Liability Created for Failure to Monitor ..................................... 23

CONCLUSION ............................................................................................................. 25

## STATEMENT OF THE CASE

The matter before the Court is defendants' motion to dismiss, which seeks dismissal of plaintiffs' claims of breaches of fiduciary duty.  Plaintiffs' action was brought pursuant to the Employee Retirement Income Security Act [hereinafter "ERISA"; 29 U.S.C. §1001 et seq.]  The defendants are Finch, Pruyn & Company, Inc., the Retirement Board of Finch, Pruyn & Company, Inc., Richard J. Carota, David P. Manny, Laurier J. Lavigne, Jeffrey W. Benway, and John Levandosky.

Plaintiffs were participants in the Hourly 401(k) Plan of Finch, Pruyn & Company.  The Plan Document authorizes fiduciaries to permit the withdrawal of funds from a participant's account if the participant can demonstrate a specified financial hardship.  A participant is not required to resign or retire from his position with Finch, Pruyn in order to receive a withdrawal from his 401(k) account.  During and after a contentious strike at Finch, Pruyn, the plaintiffs individually inquired of the plan representative, Defendant Levandosky or Defendant Benway, about accessing the monies in their accounts.  Defendants told plaintiffs they had to resign or retire in order to access their account funds.  Plaintiffs were never told about a hardship withdrawal or a loan option, both of which were available under the Plan.  As a consequence of defendants' misrepresentations and other fiduciary breaches, plaintiffs resigned or retired to access their plan monies.  Complaint ¶¶4-17, 39-40, 43-113.

Plaintiffs' claims are based upon ERISA §502(a)[1], 404(a), 405(a), and 510 [29 U.S.C. §1132(a)(1), §1104(a), §1105(a), §1140].  ERISA §404(a), provides that fiduciaries must discharge their duties with respect to an ERISA covered plan "solely in the interest of the participants and beneficiaries .

---

[1]  Plaintiffs seek all the relief to which they are entitled under ERISA Section 502(a).  See 29 U.S.C. §§ 1132(a)(1)(B) (to recover benefits and enforce rights under the Plan), 1132(a)(2)(to remedy breaches of fiduciary duty under ERISA Section 409), and 1132(a)(3)(to enjoin acts that violate plan terms and "to obtain other appropriate equitable relief"); Varity Corp. v. Howe, 516 U.S. 489, 509-512 (1996) (describing how the subsections of ERISA Section 502(a) work together and how subsection 502(a)(3) works as a "catchall" with respect to the other sub-sections).

. .for the exclusive purpose of providing benefits . . . in accordance with the documents and instruments governing the plan."  In accordance with the obligations of ERISA Section 404(a), fiduciaries are prohibited from making misrepresentations concerning, or otherwise misleading participants or beneficiaries about, the terms and conditions of the documents and instruments governing the employee benefit plan.  ERISA §405 provides that fiduciaries are liable for the breaches of fiduciary responsibility by another fiduciary if their failure to act with the care, skill, prudence and diligence of a prudent man in the administration of the trust enabled a fiduciary to breach his duties.  ERISA §510 makes it unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right.

Plaintiffs filed the instant Complaint on July 27, 2005 and defendants waived service.  On November 4, 2005, defendants filed and served a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c).  The motion is based on the alleged "(i) untimeliness of Plaintiffs' claims under ERISA sections 413 and 510 and Plaintiffs' failure to meet the requirements of Fed. R. Civ. P. 9(b) with respect to fraud or concealment allegations; (ii) Plaintiffs' lack of standing to sue under ERISA section 502(a)(1) through (a)(3); and (iii) Plaintiffs' failure to state a claim upon which relief can be granted against certain of the Defendants."  Defendants' Memorandum of Law in Support of Motion to Dismiss, filed November 4, 2005, p. 3-4.[2]  Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c), the Court may consider only the facts alleged in pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and

---

[2]  Hereinafter referred to as Def. Memorandum, p. ____.

matters of which the Court may take judicial notice in ruling on a motion to dismiss.[3]  This

Memorandum of Law is submitted in opposition to defendants' motion to dismiss.

## ARGUMENT

## POINT I

### DEFENDANTS CANNOT MEET THE HIGH STANDARD FOR DISMISSAL PURSUANT TO EITHER RULE 12(b)(6) OR RULE 12 (c)

To survive a motion to dismiss, a complaint must include only "a short and plain statement of the

claim showing the pleader is entitled to relief." Fed. R. Civ. 8(a); In re AOL Time Warner, Inc., 2005

U.S. Dist. LEXIS 3715 (S.D.N.Y. 2005); Swierkiewicz v. Sorena, N.A., 534 U.S. 506, 512 (2002).

Under well-established precedent, a complaint should not be dismissed pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure "unless it appears beyond doubt that the plaintiff can prove no set of

facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46

(1957); Phillip v. Univ. of Rochester, 316 F.3d 291, 293 (2d Cir. 2003).  The same test applies for

evaluating a motion for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil

Procedure.  Grover v. Hartford Life & Accident Insurance Company, 04-CV-1340 (N.D.N.Y. August 22,

2005) (citing Irish Lesbian & Gay Org. v. Guiliani, 143 F.3d 638, 644 (2d Cir. 1998)).  Under these

standards, plaintiffs' complaint should not be dismissed because defendants have failed to establish

grounds for dismissal for failure to state a claim.  See also Sosa v. Coleman, 646 F.2d 991, 993 (5th Cir.

---

[3]  See Paulemon v. Tobin, 30 F.3d 307, 308-309 (2d Cir. 1994); Cable v. New York State Thruway Authority, 4 F. Supp. 2d
120, 124 (N.D.N.Y. 1998).  While Rule 12(b)(6) and 12(c) specifically give the court discretion to accept and consider
extrinsic material offered in conjunction with either a Rule 12(b)(6) or a Rule 12(c) motion, once the court decides to accept
"matters outside the pleadings," the motion must be treated as one for summary judgment. Festa v. Local 3 IBEW, 905 F.2d
35, 38 (2d Cir. 1990).  When converting either a Rule 12(b)(6) motion to dismiss or a Rule 12(c) motion for judgment on the
pleadings to a motion for summary judgment, the court must give all parties a reasonable opportunity to present all material
then made pertinent by Rule 56. Fed. R. Civ. P. 12(b)(c) and 12(c); Krijn v. Pogue Simone Real Estate Co., 896 F.2d 687 (2d
Cir. 1990); see also In re Rockefeller, 184 F.3d 280, 287-289 (3d Cir. 1999) (summary judgment vacated and remanded when
court did not provide notice of conversion).  Plaintiffs request an opportunity to submit responsive papers, if the Court decides
to consider defendants' extrinsic allegations or documents.

1981) (motion to dismiss "viewed with disfavor and is rarely granted" because of liberal pleading standards.)

In deciding whether a complaint states a claim, a court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor.  EEOC v. Staten Island Sav. Bank, 207 F.3d 144, 148 (2d Cir. 2000).  A court's task "in ruling on a Rule 12(b)(6) motion 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'"  Cooper, 140 F.3d at 440 (quoting Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 78 F.2d 774, 779 (2d Cir. 1984)).  Hence, dismissal is appropriate only if "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley at 45.  Thus, the fundamental issue at the dismissal stage "is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support his claims.  Indeed it may appear on the face of the pleading that recovery is very remote and unlikely but that is not the test."  Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998).

In ruling on a motion to dismiss, the court may consider only the facts alleged in pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the judge may take judicial notice.[4]  Paulemon v. Tobin, 30 F.3d 307, 308-309 (2d Cir. 1994); Cable v. New York State Thruway Authority, 4 F. Supp. 2d 120, 124 (N.D.N.Y. 1998).  Defendant John Levandosky

---

[4]  While Rule 12(b)(6) and Rule 12 (c) give the court discretion to accept and consider extrinsic material offered in conjunction with such motions, once the court decides to accept "matters outside the pleadings," the motion will be treated as one for summary judgment. Fed. R. Civ. P 12 (b)(6), 12 (c); Festa v. Local 3 IBEW, 905 F.2d 35, 38 (2d Cir. 1990).  When converting a Rule 12(b)(6) motion to dismiss or a Rule 12 (c) motion for judgment on the pleadings to a motion for summary judgment, the court must give all parties and reasonable opportunity to present all material then made pertinent by Rule 56. Krijn v. Pogue Simone Real Estate Co., 896 F.2d 687 (2d Cir. 1990); see also In re Rockefeller, 184 F.3d 280, 287-289 (3d Cir. 1999) (summary judgment vacated and remanded when court did not provide notice of conversion).  Plaintiffs request notice to file responsive papers if the Court considers the extrinsic material offered with defendants' instant motion.

4

makes multiple extrinsic factual allegations, as well as attaching several extrinsic documents, in his affidavit.[5]  Such factual statements and documents are not appropriate for the Court's consideration on a motion to dismiss.  See Cortec Industries v. Sum Holding, L.P., 949 F.2d 42, 46 (2d Cir. 1991).  Thus, the Court must not consider the documents or the factual averments made in defendants' motion to dismiss pursuant to the rules of civil procedure.  Should the Court consider defendants' extrinsic materials, plaintiffs request an opportunity to file responsive papers pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c).  See Krijn v. Pogue Simone Real Estate Co., 896 F.2d 687 (2d Cir. 1990).

**Plaintiffs Do Not Have to Plead the Elements of Fraud to State Fiduciary Breach Claims**

Defendants argue that plaintiffs' claims are "too generic and vague to meet the specific pleading requirements of Federal Rule of Civil Procedure 9(b)."  Def. Memorandum, p. 7.  In contrast, it is well-established that "Rule 9(b) is not applicable to breach of fiduciary duty . . . claims; it only applies to claims sounding of fraud."  Zucker v. Katz, 708 F.Supp. 525, 530 (S.D.N.Y. 1989); Bosio v. Norbay SEC, Inc., 599 F.Supp. 1563, 1570 (E.D.N.Y. 1985).  An ERISA fiduciary duty claim based on misrepresentations or failure to provide truthful information does not sound in fraud.  See Crowley v. Corning, Inc., 234 F.Supp. 2d 222, 230, 231 (W.D.N.Y. 2002) (allegations that plan fiduciary breached its duty by failing to provide truthful information to participants is fiduciary claim, not fraud claim, and not subject to Rule 9(b)'s requirements).  ERISA breach of duty claims for misrepresentation to participants and beneficiaries are not based on the general duty to refrain from harming others, but rather in the affirmative duty to protect and serve plan participants with prudence and loyalty as set forth in the text of ERISA.  Varity Corp. v. Howe, 516 U.S. 489, 506 (1996).  ERISA does not require that plaintiffs

---

[5]  Defendant Levandosky makes several extrinsic statements in his affidavit as well as attaching several extrinsic documents; to wit, paragraphs numbered 2, 4, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17  and exhibits C, E, F, G, H, I, J, K, L, M, N, O, P, Q, R, S, T, U, V, X, Y, Z, AA all contain allegations not alleged in the pleadings and are not incorporated by reference.  Therefore, these allegations and documents are inappropriate for consideration with a motion to dismiss or a motion for judgment on the pleadings.

prove specific elements of a common-law claim for fraud as a predicate for asserting a breach of fiduciary duty.  To the extent that courts have treated fiduciary claims based on misrepresentations as fraud claims, they have been in error. See Crowley, 234 F.Supp. 2d at 230, 31; cf. Conch v. London, 63 F.3d 1493, 1502-03 (9th Cir. 1995).

Instead, Federal Rule of Civil Procedure 8 governs pleading requirements for fiduciary breach claims. Schupak v. Florescue, 1993 U.S. Dist. LEXIS 9485 (S.D.N.Y. July 8, 1993).  The notice pleading principles embodied in Rule 8 mandate that a complaint simply must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, supra; Swierkiewicz v. Sorena, N.A., 534 U.S. 506, 512 (2002).  Thus, the federal rules allow simple pleadings and "rel[y] on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz, 534 U.S. at 512.  In order to state a claim for a breach of fiduciary duty under ERISA, a plaintiff must allege (1) defendant was a fiduciary of an ERISA plan, who (2) acting within his capacity as a fiduciary, (3) engaged in conduct constituting a breach of his fiduciary duty. In re AOL Time Warner, Inc., 2005 U.S. Dist. LEXIS 3715 (S.D.N.Y. 2005).  Each cause of action in plaintiffs' complaint alleges facts which meet this liberal pleading standard. See Complaint ¶¶22, 24, 26, 28, 30, 31, 118, 123, 128, 133, 138, 142-144, 148-150, 154-156, 161-165, 169, 173-175, 179, 180, 181, 185-187.  Accordingly, because plaintiffs have met the liberal pleading standard necessary to state a claim for an ERISA breach of fiduciary duty, defendants' motion to dismiss must be denied.

## POINT II

### DEFENDANTS HAVE NOT ESTABLISHED PLAINTIFFS' CLAIMS ARE TIME-BARRED

Because defendants' affirmative defense concerning the statutes of limitations cannot be decided based on the record presently before the Court, defendants' claim that plaintiffs' action is time-barred

6

must be rejected.  Dismissal for failure to state a claim based on a statute of limitations is appropriate only if a complaint clearly shows that a claim is not timely.  See Bona v. Barasch, 30 Employee Benefits Cas. (BNA) 1874 (S.D.N.Y. 2003).  Here, it is not clear, based solely on the complaint allegations, when plaintiffs had actual knowledge of the fiduciary breaches triggering the limitations time-period.  Thus, dismissal for failure to state a claim is not appropriate because the Complaint allegations do not establish plaintiffs' action is untimely.

To be successful, defendants' motion to dismiss must establish that plaintiffs' fiduciary claims are precluded by the statute of limitations.  As made clear supra, a court must construe a complaint liberally when ruling on a Rule 12(b)(6) motion to dismiss.  When ruling on a statute of limitations argument in a motion to dismiss, "dismissal is appropriate only if a complaint clearly shows the claim is out of time."  Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999) (refusing to dismiss on grounds an action was time-barred because complaint's silence on accrual made it was possible for plaintiff to demonstrate his action was within time-period).

ERISA Section 413(2), 29 U.S.C. §1113(2), provides that an ERISA fiduciary breach action must be commenced within "three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation."[6]  To trigger the statute of limitations period, a plaintiff must have "actual knowledge of all material facts necessary to understand that some claim exists, which facts could included necessary opinions of experts, knowledge of a transaction's harmful consequences, or even actual harm."  Bona v. Barasch, 30 Employee Benefits Cas. (BNA) 1874 (S.D.N.Y. 2003) (citations

---

[6] Alternatively, ERISA Section 413(1), 29 U.S.C. §1113(1), which provides that an ERISA fiduciary breach action may be brought within six (6) years where a fiduciary "has breached its duty by making a knowing misrepresentation or omission of a material fact to induce an employee/beneficiary to act to his detriment."  See Caputo v. Pfizer, Inc., 267 F.3d 181, 188-89 (2d Cir. 2001).  The six year limitation begins to run when the employee discovers or with due diligence should have discovered the breach. Id. at 190.  Based on defendants' misrepresentations and omissions, plaintiffs left employment with the Company.  Complaint ¶¶47, 52, 57, 62, 66, 71, 76, 81, 86, 91, 96, 101, 107, 113.  Because defendants' affirmative defense concerning the statutes of limitations cannot be decided based on the record presently before the Court, defendants' claim that plaintiffs' action is time-barred must be rejected.

omitted).  In the instant matter, the Complaint does not contain an allegation stating when plaintiffs

obtained their "actual knowledge" of defendants' misconduct.

Moreover, while defendants concede, the "actual knowledge" standard is governed by the

Second Circuit's decision in Caputo v. Pfizer, 267 F.3d 181 (2d Cir. 2001), Def. Memorandum, p. 5,

defendants misstate the case's holding.  The plaintiffs in Caputo alleged that their employer mislead

them about a "Voluntary Separation Option" ("VSO") that was formally announced on November 11,

1991.  Caputo, 267 F.3d at 186.  In 1995, the Caputo plaintiffs learned facts as exposed in another

employee's case against this same employer involving the same misconduct, and they commenced their

action in 1996, or within three years of learning these facts.  Id. at 187 (citing Mullins v. Pfizer, 147 F.

Supp. 2d 95 (D. Conn. 2001)).  The Caputo Court held that the action was timely because the plaintiffs

"did not have 'actual knowledge' of [their employer's] breach until they learned during the Mullins trial

in 1995 that [their employer] anticipated the offering of the 1991 VSO as early as the Spring of 1990;

and, therefore, it arguably misrepresented present facts when responding to plaintiffs' inquiries."  Id. at

194.  The Caputo Court reasoned that:

> a plaintiff has "actual knowledge of the breach or violation" within the
> meaning of ERISA Section 413(2), when he has knowledge of all material
> facts necessary to understand that an ERISA fiduciary has breached his or
> her duty or otherwise violated the Act.
>
> * * *
>
> [A]n ERISA plaintiff cannot be said to have "actual knowledge of the
> breach or violation" until he has actual knowledge that his employer
> misrepresented a present fact or failed to disclose all material information
> known at the time of inquiry.

Id. at 193 (emphasis supplied) (citing Brock v. Nellis, 809 F.2d 753, 755 (11th Cir. 1987), for the

proposition that "it is not enough that [plaintiffs] had notice that something was awry; plaintiffs must

have had specific knowledge of the actual breach of duty upon which [they sued]" and Gluck v. Unisys

Corp, 960 F.2d 1168, 1177-78 (3d Cir. 1992), for the proposition that "constructive knowledge" is insufficient, and the time begins to run with knowledge of facts "necessary to understand that some claim exists").

Because the Complaint here does not contain an allegation stating when plaintiffs obtained their "actual knowledge" of defendants' misconduct, defendants' motion to dismiss must not be granted. See Toussaint v. JJ Weiser & Co., 34 Employee Benefits Cas. (BNA) 1883 (S.D.N.Y. 2005) (plaintiffs could not be charged with knowledge based on pleadings alone); see also Fechter v. Conn. Gen. Life Insur. Co., 798 F. Supp. 1120, 1126 (E. D. Pa. 1991) (finding that fiduciary breach claim did not accrue until plaintiffs discovered misconduct and stating "actual knowledge is a high standard and unquestionably presents a question of fact to be reserved for the fact-finder"); McConnell v. Costigan, 2002 U.S. Dist. LEXIS 3279, *27-30 (S.D.N.Y. 2002) (denying summary judgment because it was inappropriate where material dispute of fact existed about evidence of "actual knowledge").  Moreover, questions of "actual knowledge" under ERISA Section 413(2) are questions of fact that should not be resolved on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Caputo, 267 F.3d at 194, n. 6 (explaining factual issues involved with determining "actual knowledge"); Schultz v. Texaco, 127 F. Supp. 2d 443, 450 (S.D.N.Y. 2000) (noting that dispute about when plaintiffs had "actual knowledge triggering the three-year statute under 413(2) cannot be resolved on a motion pursuant to 12(b)(6)").

Additionally, defendants reliance on Oechsner v. Connell Ltd. P'Ship, 283 F. Supp. 2d 926 (S.D.N.Y. 2003), is misplaced.  In Oechsner, it was clear on the face of the complaint that plaintiffs had notice of the alleged breach and sued well outside of the statute of limitations.  The Oechsner complaint contained specific allegations that: (a) in order to induce the plaintiffs to authorize a sale, the fiduciaries stated that employee benefit levels would be "substantially similar" after the sale; and (b) three months

9

after the sale was approved, defendants provided information which described a benefit package that was different from the one the plaintiffs believed they were promised.  The Oechsner plaintiffs commenced litigation fifteen (15) years after receiving subsequent benefit package information.  See Oechsner, 283 F. Supp. 2d at 931-33.  Thus, the court held the matter was time-barred because the complaint established the plaintiffs received actual notice of the discrepancy between the promised level of benefits and the actual benefits and waited too long to commence litigation.  See Oechsner, 283 F. Supp. 2d at 931-33.

Here, in addition to the fact that the Complaint does not state when plaintiffs obtained actual knowledge, there also is no Complaint allegation that the defendants provided any information subsequent to their misrepresentation.  While defendants make the unsubstantiated and extrinsic statement[7] that "Plaintiffs here had all the information necessary at the time of Mr. Levandosky's alleged benefit advice, to determine, by comparison to that information, whether Levandosky's advice was 'incomplete' or 'incorrect,'" there is nothing in the Complaint that alleges defendants provided any information subsequent to the misrepresentation which highlighted the breach.  Indeed, there is nothing on the face of the Complaint that alleges the fiduciaries or the Plan ever communicated with the plaintiffs again.  Thus, here, the last information plaintiffs were given was the misrepresentation.

Moreover, defendants repeated conclusory assertion that plaintiffs' access to plan documents somehow constitutes actual notice of defendants' fiduciary breach is also critically flawed.  See e.g. Def. Memorandum, p. 7, n. 3.  There is no allegation on the face of the Complaint that concedes plaintiffs had access to or possession of plan documents or that the plan met its obligations under ERISA to provide participants with plan information.  Defendants have the burden to establish that plaintiffs had

---

[7] See Def. Memorandum, p. 6.

"knowledge of all the material facts necessary to understand a fiduciary breached his duty." <u>Caputo</u> at

193.  Defendants' unsubstantiated and extrinsic assertions[8] regarding plan documents and terms does not

meet this burden. <u>See  Schultz v. Stoner</u>, 308 F. Supp. 2d 289, 298 (S.D.N.Y. 2004) (statute of

limitations defense denied when record indicated that plaintiffs did not become aware of plan terms until

after fiduciary made benefit determination).  Thus, <u>Oechsner</u> is inapposite to the instant matter because

here defendants have not established when and if plaintiffs had access to plan documents and, if so,

whether access to such documents constituted actual notice of defendants' fiduciary breach.

 Similarly, defendants have not established that the claims of discrimination against plaintiffs for

the purpose of interfering with their attainment of rights under ERISA and/or the Plan are time-barred.

<u>See</u> Complaint ¶¶195-199.  As defendants recognize, Def. Memorandum p. 10, plaintiffs must

commence an action for discrimination under ERISA Section 510 within two (2) years of <u>accrual</u>.

<u>Sandberg v. KPMG Peat Marwick</u>, LLP, 111 F.3d, 331 (2d Cir. 1997) (analogizing to two year statute of

limitations set forth in Section 120 of the New York Workers Compensation Law for claims brought

under ERISA Section 510).  Accrual depends upon the participant's notice of the unlawful

discrimination.  <u>See</u> <u>McCauley v. First Unum Life Insurance Company</u>, 1998 U.S. Dist. LEXIS 18873,

*21 (S.D.N.Y. 1998) (citing <u>Miles v. New York State Teamsters Conference Pension Funds</u>, 698 F.2d

593 (2d Cir. 1983), and <u>Lawrence v. Consolidated Edison Company</u>, 240 A.D.2d 871 (1997), for the

proposition that the Section 510 limitation period "begins to run upon the beneficiary's notice of the

violation"); <u>Christopher v. Mobil Oil Corp.</u>, 149 F.R.D. 549, 552-53 (E.D. Tx. 1993) (recognizing that

ERISA 510 claims did not accrue until plaintiffs discovered misconduct).  <u>Accord</u> <u>Hoodack v. Int'l Bus.</u>

---

[8] The Complaint does not allege plaintiffs received plan documents.

Mach., Inc., 202 F. Supp. 2d 109, 114 (S.D.N.Y. 2002) (stating "the statute of limitations in ERISA actions begins to run upon the beneficiary's notice of the violation").[9]

At the time plaintiffs terminated their employment at Finch, Pruyn & Company, Inc., they did not know that defendants provided them with incorrect and incomplete information to prevent obtaining additional benefits from the Plan.  Complaint ¶¶46, 51, 56, 61, 65, 70, 75, 80, 85, 90, 95, 100, 106, 112. The claims, therefore, accrued when the plaintiffs obtained knowledge that defendants interfered with their ERISA rights.  See e.g. McCauley, supra.  Because the Complaint does not establish when plaintiffs obtained knowledge that defendants interfered with their rights, dismissal for failure to state a claim because it is time-barred is not appropriate.

## POINT III

### THE COMPLAINT ADEQUATELY ALLEGES
### PLAINTIFFS ARE PARTICIPANTS

As former participants in an ERISA plan, plaintiffs are in ERISA's zone of interests and, thus, have standing to bring a civil action pursuant to ERISA.  Plaintiffs are entitled to an opportunity to show that but for the fact that the fiduciaries misled them, they would still be participants in the 401(k) plan. Accordingly, defendants' argument that plaintiffs' claim should be dismissed because they were not participants in an ERISA plan must be denied.

---

[9] See also Williams v. American International Group, Inc., 2002 U.S. Dist. LEXIS 17886 (S.D.N.Y. 2002) (noting that ERISA cause of action accrues when there has been a repudiation by the fiduciary which is clear and made known to the beneficiaries).

A participant or beneficiary in an ERISA plan may bring civil action to remedy breaches of fiduciary duty. 29 U.S.C. §11302(a)(2).[10] ERISA defines a "participant" as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit from any type of employee benefit plan which covers employees of such employer." 29 U.S.C. §1002(7) (emphasis added). Defendants contend that plaintiffs lack standing to bring the instant action because they were not participants in the plan at the time the litigation was commenced. Def. Memorandum, p. 11. In contrast to defendants' argument, "the Second Circuit has rejected a narrow interpretation of ERISA's standing requirement, noting that Congress' intent in enacting the statute was 'to remove jurisdictional and procedural obstacles which in the past appear to have hampered the enforcement of fiduciary responsibilities . . . or recovery of benefits due to participants." Medoy v. Warnaco Employees Long Term Disability Insurance Plan, 43 F. Supp. 2d 203 (S.D.N.Y. 1999); see also Gray v. Briggs, 1998 U.S. Dist. LEXIS 10057, *11 (S.D.N.Y. 1998) ("termination of employment does not per se disqualify a claimant from bringing a suit under ERISA, nor does acceptance of a distribution").

In Mullins v. Pfizer, 23 F.3d 663 (1994), the Second Circuit[11] was presented with the issue of whether an employee who alleged he voluntarily retired because of an affirmative material misrepresentation by a fiduciary had standing to sue under ERISA. The court found that "the basic

---

[10] Pursuant to their rights under ERISA, plaintiffs also seek to recover benefits and enforce rights under the Plan, enjoin acts that violate Plan terms, and obtain "other appropriate equitable relief." See Complaint Prayer for Relief A - D; see also 29 U.S.C. §§ 1132(a)(1)(B)(to recover benefits and enforce rights under the Plan), 1132(a)(2) (to remedy breaches of fiduciary duty under ERISA Section 409), and 1132(a)(3) (to enjoin acts that violate plan terms and "to obtain other appropriate equitable relief"); Varity Corp. v. Howe, 516 U.S. 489, 509-512 (1996) (describing how the subsections of ERISA Section 502(a) work together and how subsection 502(a)(3) works as a "catchall" with respect to the other sub-sections).

[11] Defendants' citation to Raymond v. Mobil Oil Corp., 983 F.2d 1528 (10th Cir. 1993) for support of its argument is unpersuasive. The Tenth Circuit has squarely rejected the Second Circuit's approach to ERISA standing. See Mullins v. Pfizer, 23 F.3d 663, 667 (2d Cir. 1994) (citing Raymond v. Mobil Oil for the proposition that the Tenth Circuit's has rejected Second Circuit's ERISA standing approach); Swinney v. General Motors Corp., 46 F.3d 512 (6th Cir. 1995) (citing Raymond v. Mobil Oil Corp., 983 F.2d 1528 for the proposition that the Tenth Circuit has rejected the approach to ERISA standing set forth in Mullins); Felix v. Lucent Technologies, 387 F.3d 1146, 1159 (10th Cir. 2004) (noting split in circuits regarding the "but-for exception").

standing issue is whether the plaintiff is 'within the zone of interests ERISA was intended to protect.'" Id. at 668.  The Second Circuit held that a claimant is within the ERISA zone of interests, and, therefore, has standing if he can demonstrate that he would have been a participant in the employer's benefit plan "but for" the employer's misrepresentations.  Id. at 668; see also Partsinevelos v. Tropical Machines, Inc., 31 Employee Benefits Cas. (BNA) 2118 (2d Cir. 2003).  The Second Circuit reasoned that such a holding was consistent with the legislative intent to afford broad protection and, therefore, standing in such a context because "to hold otherwise would have an anomalous effect of allowing a fiduciary 'through its own malfeasance to defeat an employee's standing.'"  Mullins at 668.

The Second Circuit in Mullins cited with approval the First Circuit's reasoning in Vartanian v. Monsanto Co, 14 F.3d 697, 702 (1994).  In Vartanian, the plaintiff alleged his employer made multiple misrepresentations that encouraged him to retire earlier than he would have.  The First Circuit reasoned that standing was appropriate as long as the plaintiffs are "within the zone of interests ERISA was intended to protect."  Vartanian at 701.  The court stated,

> [t]o hold otherwise would imply that when an employer breaches its fiduciary duty to an employee under ERISA, the employee would have standing to sue only if the employee finds out all of the facts constituting the breach prior to his receipt of retirement benefits.  Such a holding would enable an employer to defeat the employee's right to sue for a breach of fiduciary duty by keeping his breach a well-guarded secret until the employee receives his benefits or, by distributing a lump sum and terminating benefits before the employee can file suit.  The employee would have no standing to state a claim under ERISA, even where the employer's breach of fiduciary duty takes the form of misrepresentations that induced the employee to retire and receive payments of the benefits.  Congress did not intend such unjust and arbitrary results.

Id. at 702 (footnote omitted); see also Barrs v. Loral Western Development Labs, 2000 U.S. Dist. LEXIS 21769 (D. Ma. 2000) (granting standing to plaintiff who was in ERISA's zone of interests because alleging wrongfully denied status by defendant's actions).

Here, plaintiffs claim they are entitled to relief because of the causal relationship between defendants' misrepresentations about accessing plan monies and their decision to terminate their employment.[12]  The Complaint clearly alleges "[a]ll Plaintiffs in this action were denied the right to maintain their status as participants within the meaning of ERISA Section 3(7) [29 U.S.C. §1002(7)] because of Defendants' violations of ERISA Sections 404(a), 405(a), and 510."  Complaint ¶18; see also Complaint ¶¶44-46, 49-51, 54-56, 59-61, 64-66, 68-70, 73-75, 78-80, 83-85, 88-90, 93-95, 98-100, 103-105.  Thus, plaintiffs are within ERISA's zone of interests because "but for the fact that the fiduciaries misled them, they would have been participants."  See Mullins at 667-668; Gray v. Briggs, 1998 U.S. Dist. LEXIS 10057, *14 (S.D.N.Y. 1998) (denial of standing "would be particularly unjust and arbitrary where the misrepresentations and termination were causally linked."); Swinney v. General Motors Corp., 46 F.3d 512 (6th Cir. 1995) (if the employer's breach of fiduciary duty causes the employee to either give up his right to benefits or to fail to participate in a plan, then the employee has standing to challenge the fiduciary breach) (citing to Mullins).

Defendants boldly (but wrongly) posit that Mullins v. Pfizer stands for the proposition that the so-called "but for" exception "should be applied only in cases where plaintiff alleges that he could not have known the 'true facts' about defendant's efforts to defeat participant status in the employer's plan."  Def. Memorandum, p. 13.  In stark contrast to defendants' argument, Mullins states that "when a plan administrator speaks, it must speak truthfully."  Id. at 669.  Indeed, the Second Circuit holds that the burden is on the fiduciary to speak truthfully and not affirmatively mislead participants.  Flanigan v. GE,

---

[12]  Defendants' citation to Nechias v. Oxford Health Plans, Inc., 421 F.2d 96 (2d Cir. 2005) is distinguishable.  In Nechias, unlike the instant matter, the plaintiff was terminated because of corporate downsizing, not ERISA malfeasance.  The Court found that "as a practical matter [the plaintiff's] termination in a downsizing meant she could no longer expect to receive" benefits from her employment, which ended her expectation for employment-related benefits.  Id. at 101.  Here, plaintiffs allege their employment relationship was terminated because of a misrepresentation that amounted to a breach of fiduciary duty.

242 F.3d 78, 84 (2d Cir. 2000) (fiduciaries liable for non-disclosure of information when omitted

information was necessary to participant's intelligent decision about retirement).  To accept defendants'

argument would contort the meaning of fiduciary duty by putting the burden on the participant, not the

fiduciary.  See Devlin v. Empire Blue Cross Blue Shield, 274 F.3d 76, 88 (2d Cir. 2001) (when a

fiduciary fails to provide material information or affirmatively misrepresents the plan's terms, he

breaches his fiduciary duty); Becher v. LILCO, 129 F.3d 268, 271 (2d Cir. 1997) (ERISA fiduciary has

an obligation to provide full and accurate information); see also Globe Woolen v. Utica Gas & Electric,

224 NY 483, 489 (1918) (Judge Cardozo stating that "a beneficiary about to plunge into a ruinous course

of dealing, may be betrayed by silence as well as the spoken word").  Clearly, the burden is on the

fiduciary to speak truthfully, not, as defendants state, on the participant to discover 'true facts' about

defendant's efforts to defeat participant's status.[13]  See Def. Memorandum, p. 13.

Defendants also argue that plaintiffs do not have standing because they have neither a claim for

vested benefits nor a reasonable expectation to return to covered employment.  Def. Memorandum, p. 12.

As made clear supra, such a narrow reading of ERISA standing is not consistent with Second Circuit

caselaw.  Additionally, in contrast to defendants' argument, plaintiffs have a reasonable expectation of

returning to employment as evidenced by their request in the complaint for an injunction ordering

defendants to permit plaintiffs to rescind their elections to resign and retire from the corporation and

reinstate plaintiffs to their position with the corporation with full back pay.  Complaint Prayer for Relief,

paragraph B; see also Mitchell v. Mobil Oil Corp., 896 F.2d 463, 474 (10th Cir. 1990) (plaintiff had not

---

[13] Defendants' assert that allegedly because "plaintiffs had all the information pertaining to the Plan," they are somehow
foreclosed from pursuing this action. Def. Memorandum, p. 14.  In contrast, the Complaint does not contain an allegation
stating plaintiffs had any Plan information or documents.  Moreover, it is clear that an ERISA fiduciary has an obligation to
provide full and accurate information to the Plan beneficiaries.  See Devlin v. Empire BlueCross and BlueShield, 274 F.3d 76,
88; Estate of Becker v. Eastman Kodak Co., 120 F.3d 5, 8 (2d Cir. 1997) (holding defendant breached its fiduciary duty to
provide completely accurate information when fiduciary gave participant misleading information).

sought reinstatement and, therefore, lacked reasonable expectation of returning to covered employment.)

Moreover, defendants' reading of Firestone to reduce standing to a narrow formula applicable in all

cases[14] is in contrast to Supreme Court rulings on ERISA standing.  In Christopher v. Mobil Oil

Corporation, 950 F.2d 1209, 1221 (5th Cir. 1992), the court found that the Firestone case could not be

reduced to a straightforward formula -- particularly in cases "involving allegations of discharge."  Id.

The court reasoned that the implication of the Supreme Court's holding in Ingersoll Rand Co. v.

McClendon, 489 U.S. 133 (1990) dictated such holding:

> The implication of the Court's holding that the discharged employee must
> look solely to ERISA for his remedy is that he would have standing to do
> so.  [I]t is not readily apparent that [the discharged employee] would have
> standing under the construction of Firestone urged by Mobil [and by
> defendants in the instant matter]; he would be a former employee lacking
> both a claim for vested benefits and (unless he requested to be reinstated)
> a reasonable expectation to returning to covered employment.  It would be
> unusual if in that situation his ability to assert a claim at all turned on
> whether or not his requested relief included reinstatement.

Id. at 1221.  Instead, the court found, as the Second Circuit has, "it would seem more logical to say that

but for the employer's conduct alleged to be in violation of ERISA, the employee *would* be a current

employee with a reasonable expectation of receiving benefits, and the employer should not be able

through its own malfeasance to defeat employee's standing."  Id.  Similarly, here, as former participants,

plaintiffs allege that but for the fact that the fiduciaries misled them, they would still be participants in

the 401(k) plan.  Accordingly, defendants argument that plaintiffs' claims should be dismissed because

they were not participants in an ERISA plan must be rejected.

---

[14] Def. Memorandum, p. 12.

POINT IV

**THE FIDUCIARY STATUS OF DEFENDANTS
CAROTA, MANNY AND LAVIGNE IS
SUFFICIENTLY ALLEGED**

The complaint adequately alleges fiduciary status of defendants Richard J. Carota, David P. Manny, and Laurier J. Lavigne.  Plaintiffs allege Mr. Carota, Mr. Manny, and Mr. Lavigne engaged in plan administration, exercised discretionary authority, and selected other fiduciaries, and, to that extent, they were fiduciaries.  Moreover, the Complaint includes a corporate resolution stating that Mr. Carota, Mr. Manny, and Mr. Lavigne had the authority to represent Finch, Pruyn regarding the Plan.  In contrast to defendants' arguments, such factual allegations are sufficient enough to meet liberal pleading standards.  Thus, plaintiffs have adequately alleged claims against Mr. Carota, Mr. Manny, and Mr. Lavigne.

The Second Circuit has held that merely tracking the statutory definition of a fiduciary is sufficient to survive a motion to dismiss.  See Smith v. Local 819 IBT Pension Plan, 291 F.3d 236, 241 (2d Cir. 2002); In re WorldCom, Inc., 263 F. Supp. 2d 745, 758 (S.D.N.Y. 2003).  Under ERISA's functional test of fiduciary status, a person is a plan fiduciary to the extent that "he has any discretionary authority or discretionary responsibility in the administration of the plan."  29 U.S.C. §1002(21)(A)(iii) (emphasis added).  The term "fiduciary" is liberally construed in keeping with the remedial purposes of ERISA.  American Fed. of Unions Local 102 Health & Welfare Fund v. Equitable Life Assurance Society, 841 F.2d 658, 662 (5th Cir. 1988).  Fiduciary status is defined not only by reference to particular titles, but also by the authority which a particular person has or exercises over an employee benefit plan.  Bannistor v. Ullman, 287 F.3d 394, 401 (5th Cir. 2002).  Because "determining whether someone is a fiduciary is a very fact specific inquiry," courts have held that this issue is "difficult to resolve on a motion to dismiss."  See In re Freuhauf Trailer Corp., 250 Bankr. L. Rep. (CCH) 168, 204 (D.Del. 2000);

18

Kramer v. SmithBarney, 80 F.3d 1080, 1084 n. 2 (5th Cir. 1996), (ERISA fiduciary status is a mixed

question of fact and law); Bell v. Execom UFCW Pension Plans, 191 F.Supp. 2d 10, 15 (D.D.C. 2002).

 ERISA §404(a)(1) imposes broad obligations on fiduciaries for the protection of participants and

beneficiaries.  ERISA §§404(a)(1)(A) and (B) provide:

> a fiduciary shall discharge his duties with respect to a plan solely in the interest
> of the participant and beneficiaries and:
>
> (A) for the exclusive purpose of:
>
>   (i) providing benefits to participants and their beneficiaries; and
>
>   (ii) defraying reasonable expenses of administrative plans;
>
> (B) with the care, skill, prudence and diligence under circumstances then
> prevailing that a prudent man acting in a like capacity familiar with
> such matters would use any conduct of an enterprise of like character
> with the like aims.

29 U.S.C. §1104(a)(1)(A) and (B). These fiduciary obligations, known as the "duty of loyalty" and the

"duty of care" are among the "highest known to law."  See Donovan v. Bierwirth, 680 F.2d 263, 272 n. 8

(2d Cir. 1982).  The "duty of loyalty" requires fiduciaries to act with "complete and undivided loyalty to

the beneficiaries of the trust" and with an "eye single to the interest of the participants and beneficiaries."

Donovan at 271.  ERISA's "duty of care" requires each fiduciary to act with the "care, skill, prudence,

and diligence under the circumstances then prevailing, that a prudent man acting in like capacity and

familiar with such matters" would employ.  29 U.S.C. §1104(a)(1)(B).  These duties originate in the

common law of trusts, to which Congress specifically looked when legislating ERISA's fiduciary duties.

Central States, Southeast & Southwest Areas Pension Fund v. Central Transp. Inc., 472 U.S. 559, 570

(1985).

A.      **The Exercise of Discretionary Authority Creates Fiduciary Status.**

Defendants argue that "all claims against Carota, Manny, and Lavigne should be dismissed for plaintiffs' failure to state a claim against them upon which relief can be granted." Def. Memorandum, p. 14.[15] Plaintiffs allege that Mr. Carota, Mr. Manny, and Mr. Lavigne, as members of the Retirement Board, exercised discretionary authority or control over the Plan. Moreover, plaintiffs allege that Mr. Carota, Mr. Manny, and Mr. Lavigne were authorized to represent the Corporation with respect to plan matters. Complaint ¶¶21 – 26, 31, 33, Exhibit A (copy of a Resolution of the Board of Directors of Finch, Pruyn authorizing and empowering, inter alia, Defendants Carota, Manny, and Lavigne to "represent the Corporation" in all transactions regarding the terms and conditions of the Plan.) Defendants list Mr. Manny and Mr. Lavigne as members of the Retirement Committee. Def. Memorandum, p. 16. Without question, as a persons and entity charged with responsibility for managing the Plan, the members of the Retirement Board are Plan fiduciaries. See 29 U.S.C. §1002(21)(A)(iii). Additionally, plaintiffs allege, and defendants admit, that "Messrs. Carota, Manny, and Lavigne were named in [Finch, Pruyn's Corporate] Resolution 'to represent the Corporation' with respect to Plan operations." See Complaint Exhibit A; Def. Memorandum of Law, p. 16. To the extent that Mr. Carota, Mr. Manny, or Mr. Lavigne were not simply acting on the corporation's behalf in a corporate capacity, but rather exercised discretionary authority or responsibility in managing the Plan during the time periods relevant to this case, they were fiduciaries of the Plan within the meaning of ERISA Section 3(21)(A). See Kayes v. Pacific Lumber, 51 F.3d 1449, 1460 (9th Cir.) (corporations cannot shield its decision makers from liability merely by stating in Plan documents that their actions are taken on behalf

---

[15] Defendants state that "the only purported acts of fiduciary misconduct detailed in the Complaint relate to Defendants Levandosky" and Benway and, therefore, only Benway and Levandosky are properly named as defendants. Def. Memorandum, p. 14, 17. In contrast, the Complaint alleges fiduciary status of each defendant and alleges fiduciary misconduct against not only Defendants Levandosky and Benway, but against the Retirement Board, members of the Retirement Board, and Finch, Pruyn. See Complaint First through Fifth Causes of Action against Retirement Board as a fiduciary; Sixth through Twelfth Causes of Action against Finch, Pruyn as a fiduciary.

of a company).  Officers and directors are fiduciaries when they have discretionary authority or control

over plans.  See Weyseta v. Baima, 837 F.2d 380, 384-85 (9th Cir. 1988) (corporate officer of plan

sponsor which also administered plan held to be fiduciary based on his discretionary authority and

responsibility in the administration of the plan); Martin v. Schwab, 15 Employee Ben. Cas. 2135 (BNA),

(W.D.Mo. 1992) ("defendants' contention that they have no individual exposure as fiduciaries [because

they were on the board of directors] is clearly at odds with the language of the statutes. . . .Congress

'conferred fiduciary status on persons and entities by activity not by label.'"); Leigh v. Engle, 727 F.2d

113, 134-135 (7th Cir. 1984).

> As an Eastern District of Louisiana court recently noted,
>
> under the broad scope of ERISA fiduciary definition, corporate employees
> and officers who fit under Section 1002(21)(A), while nevertheless acting
> on behalf of a corporate entity, face potential fiduciary liability in their
> individual capacities with no necessity of piercing the corporate veil . . . a
> contrary approach would ignore "the broadly based liability policy
> underpinning ERISA and its functional definition of 'fiduciary,'" and
> allow a corporation "to shield its decision-makers from personal liability"
> in contravention of what Congress had intended in ERISA.

Musmeci v. Schwegmann Giant Supermarkets, 159 F.Supp. 2d 329, 353 (E.D.La. 2001) (citations

omitted).  Thus, plaintiffs' allegations tracking the statutory definition of a fiduciary are more than

sufficient to adequately state a claim against Mr. Carota, Mr. Manny and Mr. Lavigne as fiduciaries.

Moreover, the Corporate Resolution stating defendants Carota, Manny, and Lavigne have authority to

represent Finch, Pruyn regarding the Plan along with precedent holding that corporate officers and

directors exercise of discretionary authority makes them fiduciaries also establishes plaintiffs' allegations

are more than sufficient to adequately state a claim against Mr. Carota, Mr. Manny and Mr. Lavigne.

B.      **Corporate Oversight of Fiduciaries Creates Fiduciary Status.**

In addition to the members of the Retirement Board who are expressly charged with the responsibility for managing the Plan, Messrs. Carota, Manny and Lavigne may also be fiduciaries by virtue of a different role.  As persons who "were named in [Finch, Pruyn's Corporate] Resolution 'to represent the Corporation' with respect to Plan operations," see Complaint Exhibit A, they had the power to appoint, retain and remove Plan fiduciaries, which is discretionary authority over the management or administration of a Plan and, thus, they are fiduciaries.  See Liss v. Smith, 991 F.Supp. 278, 310 (S.D.N.Y. 1998); Coyne & Delaney Co. v. Selman, 98 F.3d 1457, 1465-66 (4th Cir. 1996); Martin v. Schwab, 15 Employee Ben. Cas. (BNA) 2135 (W.D.Mo. August 11, 1992); Sommers Drug Stores Co. v. Corrigan Enterprises, Inc., 793 F.2d 1456, 1459-60 (5th Cir. 1986); 29 C.F.R. §2509.75-8 at D-4.  The courts have long recognized that "the power to appoint and remove trustees carries with it the concomitant duty to monitor those trustees' performance."  Liss v. Smith, 991 F.Supp. 278, 311 (S.D.N.Y. 1998).  Corporate officers who appoint fiduciaries must "insure that the appointed fiduciary clearly understands his obligation, that he has at his disposal the appropriate tools to perform his duties with integrity and competence, and that he is appropriately using those tools."  Martin v. Hairline, 15 E.B.C. 1138, 149 (D. Utah 1992).

In accordance with these duties of oversight, the defendants had an obligation to monitor the fiduciaries' conduct and take appropriate action if the Retirement Board or other fiduciaries were not adequately protecting the interest of the Plan's participants and beneficiaries.  The precise nature of the actions required is a question of fact, depending on the circumstances.  Liss v. Smith, 991 F.Supp. 278, 311 (S.D.N.Y. 1998) ("the duty to monitor carries with it, of course, the duty to take action upon discovery that the appointed fiduciaries are not performing properly"); see also Leigh & Delaney, 727

F.2d 113, 135 (7th Cir. 1984); Richfield v. Tomasso, 682 F.Supp. 1287, 1305 (E.D.N.Y. 1998); Whitfield v. Cohen, 682 F.Supp. 188, 197 (S.D.N.Y. 1988).

Plaintiffs allege that Finch, Pruyn and its corporate officers were charged with the responsibility for selecting and monitoring the Retirement Board Members and other fiduciaries. Complaint at ¶¶142, 148, 154. Plaintiffs also allege defendants failed to monitor the Retirement Board, Mr. Levandosky, and Mr. Benway in the performance of their fiduciary duties. Complaint ¶¶144, 150. The allegations are more than adequate to state a claim for failure to properly oversee the Plan's fiduciaries in violation of the duties of prudence and loyalty under ERISA §§404(a)(1)(A) and (B).

**C.    Co-Fiduciary Liability Created for Failure to Monitor.**

Even if the appointing fiduciaries were not liable for failure to monitor, the Complaint sufficiently alleges that they have co-fiduciary liability. In contrast to defendants argument that "the essence of co-fiduciary liability is knowledge," to hold a fiduciary liable under "§405(a)(2), a plaintiff must demonstrate that the fiduciary failed to comply with its duties under ERISA, and thereby enabled a co-fiduciary to commit a breach." Silverman v. Mutual Benefit Life, 941 F. Supp. 1327, 1336 (E.D.N.Y. 1996); see also Liss, 991 F.Supp. at 311. Fiduciaries have a duty to "use reasonable care to prevent a co-trustee from committing a breach of trust or to compel a co-trustee to address a breach of trust." Restatement (Second) of Trust Section 184 (1997 App.). A fiduciary's inaction or failure to act promptly to halt another fiduciary's breach can give rise to co-fiduciary liability. See e.g. Chicago Housing Authority v. J.A. Hannah Inv., 1996 WL 328033 at *5 (N.D. Ill. 1996); Jackson v. Truck Drivers Local 42 Health and Welfare Fund, 933 F.Supp. 1134, 1141 (D. Mass. 1996) ("a fiduciary who becomes aware that a co-fiduciary has breached his fiduciary duty may not escape liability by simply casting a blind eye toward the breach.") Thus, even if the Court were to find that defendants Carota, Manny, Lavigne or the Retirement Board were not liable under Section 404, the Court could find these defendants liable under

Section 405, if their actions enabled other fiduciaries to breach their duties.  See American Fed. of Unions Local 102 Health & Welfare Fund v. Equitable Life Assurance Soc., 841 F.2d 658, 665 (5th Cir. 1988).

Plaintiffs allege that each of the ERISA defendants acted as co-fiduciaries within the meaning of Section 405.  Complaint ¶¶137, 138, 139, 155, 156, 157.  As made clear supra, claims brought under ERISA are subject to the simplified notice pleading standard of Fed. R. Civ. P. 8.  See In re AOL Time Warner, Inc., 2005 U.S. Dist LEXIS 3715 (S.D.N.Y. 2005).  Plaintiffs allege they were injured by defendants' failure to act with sufficient skill, prudence and diligence thereby enabling the fiduciaries to distribute misinformation about Plan terms.  Complaint ¶¶137, 138, 156, 157.  Because plaintiffs have sufficiently alleged that these defendants enabled committee members and other fiduciaries to breach their fiduciary duties in violation of ERISA Section 405(a), plaintiffs' claims for co-fiduciary liability should not be dismissed.

Plaintiffs allege defendants Carota, Manny, and Lavigne are fiduciaries because they engaged in plan administration, exercised discretionary authority, and selected other fiduciaries.  Such factual averments are more than adequate to allege fiduciary status pursuant to ERISA §3(21)(A).  Accordingly, plaintiffs have sufficiently alleged defendants Carota, Manny, and Lavigne are fiduciaries who breached their fiduciary duty.  Thus, plaintiffs' claims against these defendants should not be dismissed.[16]

---

[16] Defendants' conclusory statement that Mr. Carota "is not now and never has been a fiduciary" should not be considered because it is outside the pleadings.  Moreover, defendants' assertion that "obviously, a person who has never been a fiduciary can not be held liable for any breach," is incorrect. Def. Memorandum, p. 18.  A non-fiduciary may be sued for appropriate equitable relief under ERISA 502(a)(3) if the non-fiduciary has actual constructive knowledge of the fiduciary breach.  Harris Trust, 530 U.S. 238, 251 (2000).  Furthermore, a non-fiduciary can be a proper defendant under 502(a)(3).  Carlson Principal Fin. Group, 320 F.3d 301, 308 (2d Cir. 2003).  Thus, even if defendants are not fiduciaries, they may still be subject to appropriate equitable relief if they had actual or constructive knowledge of the fiduciary breaches.  See Complaint ¶¶190-194.

## CONCLUSION

For all of the foregoing reasons and authorities, it is submitted that defendants' motion should be denied.  Defendants have failed to meet the heavy burden of establishing plaintiffs can prove no set of facts in support of their claims which would entitle them to relief.

Dated:  December 6, 2005

Respectfully submitted,

BLITMAN & KING LLP

By:

Stephanie A. Miner, Esq.
Attorneys for Petitioners
Office and Post Office Address
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York  13204-1415
Telephone (315) 422-7111
Facsimile (315) 471-2623

jas/sam/PACE FP 401(k)/Pleadings/MOL