**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------------------

|  |  |
|---|---|
| CHARLES C. HARRIS, THOMAS CLIFFORD, DAVID R. DESROSIERS, RICHARD M. EVENS, WILLIAM S. McLAUGHLIN, JR., THOMAS M. MURPHY, JAMES POWERS, GARY PREVOST, ROBERT ROZELL, TERRY L. VANARNUM, JR., KEVIN WHIBLE, PAUL J. WOLFE, DAVID J. COWLES, and JOHN W. WEAVER, | **FIRST AMENDED COMPLAINT** |

Plaintiffs,

Civil Action No. 05-CV-951

-against-

FINCH, PRUYN & COMPANY, INC.,
THE RETIREMENT BOARD OF FINCH, PRUYN & CO., INC.,
RICHARD J. CAROTA, DAVID P. MANNY,
LAURIER J. LAVIGNE, JEFFREY W. BENWAY,
JOHN E. LEVANDOSKY, and FINCH PAPER, LLC

Defendants.

--------------------------------------------------------------------------------

Plaintiffs, by their undersigned attorneys, Blitman & King LLP, complaining of the Defendants, respectfully allege as follows:

## I.  JURISDICTION AND VENUE

1.      This is an action arising under the Employee Retirement Income Security Act of 1974, as amended [hereinafter "ERISA"] [29 U.S.C. §§1001 et seq.].  It is an action by participants of the Hourly 401(k) Plan of Finch, Pruyn & Company, Inc. against Finch, Pruyn & Company, Inc. [hereinafter "Finch Pruyn" or "Corporation"] and the Plan's fiduciaries for declaratory, injunctive, and other appropriate relief to remedy violations of ERISA Sections 404(a), 405(a) and 510 [29 U.S.C. §§1104(a); 1105(a); 1140].

2.      Jurisdiction is conferred on this Court by ERISA Sections 502(a)(1) through (3), and 502(e) [29 U.S.C. §§1132(a)(1) through (3) and 1132(e)], without respect to the amount in controversy or the citizenship of the parties, as provided in ERISA Section 502(f) [29 U.S.C. §1132(f)], and pursuant to the laws of the United States of America [28 U.S.C. §1331].

3.      Venue is established in this Court by ERISA Section 502(e)(2) [29 U.S.C. §1132(e)(2)]. It is an action brought in the judicial district where the Plan is administered and where the breaches of fiduciary duty took place.

## II. DESCRIPTION OF THE PARTIES

**A.     Description of Plaintiffs**

4.      Plaintiff Charles C. Harris was a participant of the Plan within the meaning of ERISA Section 3(7) [29 U.S.C. §1002(7)].  Plaintiff Harris resides within the Northern District of New York at 7 Queensbury Place, Queensbury, New York.

5.      Plaintiff Thomas Clifford was a participant of the Plan within the meaning of ERISA Section 3(7) [29 U.S.C. §1002(7)].  Plaintiff Clifford resides within the Northern District of New York at 80-1 Needle Park Circle, Queensbury, New York.

6.      Plaintiff David R. Desrosiers was a participant of the Plan within the meaning of ERISA Section 3(7) [29 U.S.C. §1002(7)].  Plaintiff Desrosiers resides within the Northern District of New York at 80 Sawmill Road, Bolton Landing, New York.

7.      Plaintiff Richard M. Evens was a participant of the Plan within the meaning of ERISA Section 3(7) [29 U.S.C. §1002(7)].  Plaintiff Evens resides within the Northern District of New York at 10182 State Route 149, Fort Ann, New York.

8.      Plaintiff William S. McLaughlin, Jr. was a participant of the Plan within the meaning of ERISA Section 3(7) [29 U.S.C. §1002(7)].  Plaintiff McLaughlin, Jr. resides within the Northern District of New York at 543 Selfridge Road, Gansevoort, New York.

9.      Plaintiff Thomas M. Murphy was a participant of the Plan within the meaning of ERISA Section 3(7) [29 U.S.C. §1002(7)].  Plaintiff Murphy resides within the Northern District of New York at 22 Orchard Street, Glens Falls, New York.

10.     Plaintiff James Powers was a participant of the Plan within the meaning of ERISA Section 3(7) [29 U.S.C. §1002(7)].  Plaintiff Wolfe resides within the Northern District of New York at 6 Kidder Lane, Glens Falls, New York.

11.     Plaintiff Gary Prevost was a participant of the Plan within the meaning of ERISA Section 3(7) [29 U.S.C. §1002(7)].  Plaintiff Prevost resides within the Northern District of New York at 10 Mt. View Drive, South Glens Falls, New York.

12.     Plaintiff Robert Rozell was a participant of the Plan within the meaning of ERISA Section 3(7) [29 U.S.C. §1002(7)].  Plaintiff Rozell resides within the Northern District of New York at 38 Skene Street, Whitehall, New York.

13.     Plaintiff Terry L. VanArnum, Jr. was a participant of the Plan within the meaning of ERISA Section 3(7) [29 U.S.C. §1002(7)].  Plaintiff VanArnum, Jr. resides within the Northern District of New York at 105 LaFayette Street, Victory Mills, New York.

14.     Plaintiff Kevin Whible was a participant of the Plan within the meaning of ERISA Section 3(7) [29 U.S.C. §1002(7)].  Plaintiff Whible resides within the Northern District of New York at P.O. Box 1488, South Glens Falls, New York.

15.     Plaintiff Paul J. Wolfe was a participant of the Plan within the meaning of ERISA Section 3(7) [29 U.S.C. §1002(7)].  Plaintiff Wolfe resides within the Northern District of New York at 12 Tenth Avenue, Hudson Falls, New York.

16.     Plaintiff David J. Cowles was a participant of the Plan within the meaning of ERISA Section 3(7) [29 U.S.C. §1002(7)].  Plaintiff Cowles resides within the Northern District of New York at 3 Sugarbush Road, Queensbury, New York.

17.     Plaintiff John W. Weaver was a participant of the Plan within the meaning of ERISA Section 3(7) [29 U.S.C. §1002(7)].  Plaintiff Weaver resides within the Northern District of New York at 18 Auburn Place, Glens Falls, New York.

18.     All Plaintiffs in this action were denied the right to maintain their status as participants within the meaning of ERISA Section 3(7) [29 U.S.C. §1002(7)] because of Defendants' violations of ERISA Sections 404(a), 405(a), and 510.

**B.     Description of Defendants**

19.     Upon information and belief, Defendant Finch Pruyn & Company, Inc. [hereinafter "Finch Pruyn" or "Corporation"] is a domestic business incorporated under the laws of the State of New York, having its principal place of business and offices located at 1 Glen Street, Glens Falls, New York.

20.     Upon information and belief, Defendant Finch Pruyn is an "employer" within the meaning of ERISA Section 3(5) [29 U.S.C. §1002(5)].

21.     Defendant Richard J. Carota, Chairman, President & C.E.O. of Finch, Pruyn & Company, Inc., resides within the State of New York.

22.     During all times material to this case, Defendant Carota was a member of the Retirement Board of Finch, Pruyn & Company, Inc.

23.     Upon information and belief, Defendant David P. Manny, Executive Vice President & Secretary of Finch, Pruyn & Company, Inc., resides within the State of New York.

24.     During all times material to this case, Defendant Manny was a member of the Retirement Board of Finch, Pruyn & Company, Inc.

25.     Upon information and belief, Defendant Laurier J. Lavigne, Treasurer of Finch, Pruyn & Company, Inc., resides within the State of New York.

26.     During all times material to this case, Defendant Lavigne was a member of the Retirement Board of Finch, Pruyn & Company, Inc.

27.     Upon information and belief, Defendant Jeffrey W. Benway, Personnel Director of Finch, Pruyn & Company, Inc., resides within the State of New York.

28.     During all times material to this case, Defendant Benway was a member of the Retirement Board of Finch, Pruyn & Company, Inc.

29.     Upon information and belief, Defendant John E. Levandosky, Benefits Manager of Finch, Pruyn & Company, Inc., resides within the State of New York.

30.     During all times material to this case, Defendant Levandosky was a member of the Retirement Board of Finch, Pruyn & Company, Inc.

31.     Defendant Retirement Board exercises discretionary authority or control with respect to the Plan, and is a fiduciary of the Plan within the meaning of ERISA Section 3(21)(A) [29 U.S.C. §1002(21)(A)].

32.     Upon information and belief, Defendant Finch Paper LLC purchased the assets of Defendant Finch, Pruyn & Company.

33.     Upon information and belief, Defendant Finch Paper LLC has its principal place of business and offices at 1 Glen Street, Glens Falls, New York.

34.     Upon information and belief, Finch Paper LLC operates the former Finch, Pruyn plant with a full complement of employees, including individuals formerly employed by Defendant Finch, Pruyn & Company.

## III. DESCRIPTION OF FACTS
## COMMON TO ALL CAUSES OF ACTION

A.     **Averments Related to the Plan**

35.     The Plan is a pension plan within the meaning of ERISA Section 3(2)(A) [29 U.S.C. §1002(2)(A)].

36.     The Retirement Board represents the Plan as Plan Administrator. [A copy of the August 29, 1997 Resolution of the Board of Directors of the Finch, Pruyn & Company, Inc. is attached hereto at Exhibit "A"].

37.     The Retirement Board is a named fiduciary of the Plan.

38.     The Retirement Board exercises discretionary authority or control over the Plan.

39.     The Plan provides for certain employees of the Corporation to make elective deferrals to the Plan for retirement benefits in amounts not to exceed fifteen percent (15%) of a participant's earnings in a plan year.

40.     The terms and conditions of the Plan are set forth in a collection of documents including, but not limited to, documents entitled the Putnam Flexible 401(k) and Profit Sharing Plan Agreement and the Putnam Basic Plan Document #07 as marked and executed by one or more of Defendants [hereinafter "Plan Document"] [A copy of the relevant portions of the Plan Document are attached hereto at Exhibit "B"].

41.     Article 15.1 of the Plan Document provides that the Plan be administered in accordance with its terms.

42.     Article 12.2 of the Plan Document authorizes the Plan's fiduciaries to permit the withdrawal of funds from a participant's account with the Plan based on, among other factors, the participant's demonstrated financial hardship.

43.     A Plan participant is not required to resign or retire from his or her position with the Corporation in order to receive a withdrawal pursuant to Article 12.2 of the Plan Document.

44.     Article 12.5 of the Plan Document authorizes the Plan's fiduciaries to loan amounts to a participant from the vested portion of the participant's account with the Plan based on, among other factors, the participant's financial need.

45.     A Plan participant is not required to resign or retire from his or her position with the Corporation in order to receive a loan pursuant to Article 12.5 of the Plan Document.

46.     Article 2.17 of the Plan Document defines Employer as "the Employer named in the Plan Agreement and any successor to all or the major portion of its assets or business which assumes the obligations of the Employer under the Plan Document.

**B.     Averments for Plaintiff Charles C. Harris**

47.     In or about November 2001, Plaintiff Harris' wife, Karen, a beneficiary of the Plan, telephoned Defendant Levandosky and asked how Plaintiff Harris could get access to the monies in his Plan account without retiring.

48.     Defendant Levandosky never told Plaintiff Harris' wife or Plaintiff Harris about a hardship withdrawal option.

49.     Based on the incomplete information from Defendant Levandosky, Plaintiff Harris terminated his employment with Finch Pruyn in order to access his Plan monies.

50.     At the time Defendant Levandosky provided this incorrect information, Plaintiff Harris did not know he could receive a hardship withdrawal from his Plan account without terminating his employment.

51.     Defendants misrepresented, misled Plaintiff Harris, or otherwise concealed information about the benefits available to Plaintiff Harris from the Plan.

**C.     Averments for Plaintiff Thomas Clifford**

52.     Sometime in 2002, Plaintiff Clifford spoke on the telephone to Defendant Levandosky and asked how he could get access to monies held his Plan account and when such access would be available.

53.     During this telephone conversation, Defendant Levandosky told Plaintiff Clifford he had to resign his position at Finch Pruyn to take any money out of his Plan account.

54.     Based on the statements from Defendant Levandosky about his Plan account, Plaintiff Clifford terminated his employment with Finch Pruyn in order to access his Plan monies.

55.     At the time Defendant Levandosky provided this incorrect information, Plaintiff Clifford did not know he could receive a hardship withdrawal from his Plan account without terminating his employment.

56.     Defendants misrepresented, misled Plaintiff Clifford, or otherwise concealed information about the benefits available to Plaintiff Clifford from the Plan.

**D.     Averments for Plaintiff David R. Desrosiers**

57.     In or about June 2002, Plaintiff Desrosiers spoke on the telephone initially with Defendant Benway and later with Defendant Levandosky and asked each of them how he could access the monies in his Plan account.

8

58.     Defendants Benway and Levandosky told Plaintiff Desrosiers in response to inquiries about the Plan that he had to provide a written letter of resignation in order to access monies held in his Plan account.

59.     Based on the statements from Defendants Benway and Levandosky about his Plan account, Plaintiff Desrosiers terminated his employment with Finch Pruyn in order to access his Plan monies.

60.     At the time Defendants Benway and Levandosky provided this incorrect information, Plaintiff Desrosiers did not know he could receive a hardship withdrawal from his Plan account without terminating his employment.

61.     Defendants misrepresented, misled Plaintiff Derosiers, or otherwise concealed information about the benefits available to Plaintiff Desrosiers from the Plan.

**E.      Averments for Plaintiff Richard M. Evens**

62.     In or about January 2003, Plaintiff Evens spoke with Defendant Levandosky about a disability pension and asked him about his options with the Plan.

63.     Defendant Levandosky told Plaintiff Evens that he had to retire from his position with the Corporation to access monies held in his Plan account.

64.     Based on the statements from Defendant Levandosky, Plaintiff Evens terminated his employment with Finch Pruyn in order to access his Plan monies.

65.     At the time Defendant Levandosky provided this incorrect information, Plaintiff Evens did not know he could receive a hardship withdrawal from his Plan Account without terminating his employment.

66.     Defendants misrepresented, misled Plaintiff Evens, or otherwise concealed information about the benefits available to Plaintiff Evens from the Plan.

9

**F.      Averments for Plaintiff William S. McLaughlin**

67.      Sometime in early 2000 and again in November of 2001, Plaintiff McLaughlin contacted Defendant Levandosky and asked how he could access monies in his Plan account.

68.      Defendant Levandosky answered questions from Plaintiff McLaughlin about the benefits available to Plaintiff McLaughlin from the Plan but never told him about a hardship withdrawal option.

69.      At the time Defendant Levandosky provided this incomplete information, Plaintiff McLaughlin did not know he could receive a hardship withdrawal from his Plan account without terminating his employment.

70.      Defendants misrepresented, misled Plaintiff McLaughlin, or otherwise concealed information about the benefits available to Plaintiff McLaughlin from the Plan.

**G.      Averments for Plaintiff Thomas M. Murphy**

71.      In or about April 2002, Plaintiff Murphy spoke in person to Defendant Levandosky and asked how he could access the monies in his Plan account.

72.      During this conversation, Plaintiff Murphy said that he was retiring from the Corporation in order to access the monies from his Plan account.

73.      Defendant Levandosky never told Plaintiff Murphy about a hardship withdrawal option.

74.      At the time Defendant Levandosky provided this incomplete information, Plaintiff Murphy did not know he could receive a hardship withdrawal from his Plan account without terminating his employment.

75.      Defendants misrepresented, misled Plaintiff Murphy, or otherwise concealed information about the benefits available to Plaintiff Murphy from the Plan.

**H.     Averments for Plaintiff James Powers**

76.     In or about December 2001, Plaintiff Powers spoke in person to Defendant Levandosky and asked how he could access monies in Plan account.

77.     Defendant Levandosky told Plaintiff Powers that the only option available to receive the monies from the Plan was to resign.

78.     Based on the statements from Defendant Levandosky, Plaintiff Powers terminated his employment with Finch Pruyn in order to access his Plan monies.

79.     At the time Defendant Levandosky provided this incorrect information, Plaintiff Powers did not know he could receive a hardship withdrawal from his Plan account without terminating his employment.

80.     Defendants misrepresented, misled Plaintiff Powers, or otherwise concealed information about the benefits available to Plaintiff Powers from the Plan.

**I.     Averments for Plaintiff Gary Prevost**

81.     Sometime late in 2001 or early 2002, Plaintiff Prevost spoke in person with Defendant Levandosky and asked how he could access the monies in his Plan account.

82.     Defendant Levandosky told Plaintiff Prevost that he had to retire from his position with the Corporation in order to access the monies from his Plan account.

83.     Based on the statements from Defendant Levandosky, Plaintiff Prevost terminated his employment with Finch Pruyn in order to access his Plan monies.

84.     At the time Defendant Levandosky provided this incorrect information to Plaintiff Prevost, Plaintiff Prevost did not know that he could receive a hardship withdrawal from his Plan account without terminating his employment.

85.     Defendants misrepresented, misled Plaintiff Prevost, or otherwise concealed information about the benefits available to Plaintiff Prevost from the Plan.

**J.     Averments for Plaintiff Robert Rozell**

86.     In or about May 2002, Plaintiff Rozell spoke in person with Defendant Levandosky and asked him how he could access monies in his Plan account.

87.     Defendant Levandosky told Plaintiff Rozell he had to "leave" the Corporation or wait until he reached age 65 in order to access the monies from his Plan account.

88.     Based on the statements from Defendant Levandosky, Plaintiff Rozell terminated his employment with Finch Pruyn in order to access his Plan monies.

89.     At the time Defendant Levandosky provided this incorrect information to Plaintiff Rozell, Plaintiff Rozell did not know that he could receive a hardship withdrawal from his Plan account without terminating his employment.

90.     Defendants misrepresented, misled Plaintiff Rozell, or otherwise concealed information about the benefits available to Plaintiff Rozell from the Plan.

**K.     Averments for Plaintiff Terry L. VanArnum, Jr.**

91.     Sometime in the spring of 2002, Plaintiff VanArnum, Jr. spoke on the telephone to Defendant Levandosky and asked how he could access the monies in his Plan account.

92.     Defendant Levandosky told Plaintiff VanArnum, Jr. that he had to retire in order to access the monies from his Plan account.

93.     Based on the statements from Defendant Levandosky, Plaintiff VanArnum, Jr. terminated his employment with Finch Pruyn in order to access his Plan monies.

94.     At the time Defendant Levandosky provided this incorrect information, Plaintiff VanArnum, Jr. did not know he could receive a hardship withdrawal from his Plan account without terminating his employment.

95.     Defendants misrepresented, misled Plaintiff VanArnum, Jr., or otherwise concealed information about the benefits available to Plaintiff VanArnum, Jr. from the Plan.

**L.     Averments for Plaintiff Kevin Whible**

96.     Sometime in 2001, Plaintiff Whible spoke on the telephone with Defendant Levandosky and asked how he could access monies in his Plan account.

97.     Defendant Levandosky told him that he had to retire from his position to access monies from his Plan account.

98.     Based on the statements from Defendant Levandosky, Plaintiff Whible terminated his employment with Finch Pruyn in order to access his Plan monies.

99.     At the time Defendant Levandosky provided this incorrect information, Plaintiff Whible did not know he could receive a hardship withdrawal from his Plan account without terminating his employment.

100.    Defendants misrepresented, misled Plaintiff Whible, or otherwise concealed information about the benefits available to Plaintiff Whible from the Plan.

**M.     Averments for Plaintiff Paul J. Wolfe**

101.    In late 2001, Plaintiff Wolfe spoke in person with Defendant Levandosky and asked how he could access the monies from his Plan account.

102.    Defendant Levandosky never told Plaintiff Wolfe about the possibility of a hardship withdrawal from the Plan account.

103.     Based on the incomplete statements from Defendant Levandosky, Plaintiff Wolfe terminated his employment with Finch Pruyn in order to access his Plan monies.

104.     At the time Defendant Levandosky provided this incomplete information, Plaintiff Wolfe did not know he could receive a hardship withdrawal from his Plan account without terminating his employment.

105.     Defendants misrepresented, misled Plaintiff Wolfe, or otherwise concealed information about the benefits available to Plaintiff Wolfe from the Plan.

**N.     Averments for Plaintiff David J. Cowles**

106.     Sometime after June 2002, Plaintiff Cowles spoke to Defendant Levandosky about accessing the monies from his Plan account.

107.     During this conversation, Defendant Levandosky told Plaintiff Cowles that the only way he could access money from his Plan account was to resign.

108.     Based on the statements from Defendant Levandosky, Plaintiff Cowles terminated his employment with Finch Pruyn in order to access his Plan monies.

109.     Defendant Levandosky never told Plaintiff Cowles about the possibility of a hardship withdrawal from his Plan account.

110.     At the time Defendant Levandosky provided this incomplete information, Plaintiff Cowles did not know he could receive a hardship withdrawal from his Plan account without terminating his employment.

111.     Defendants misrepresented, misled Plaintiff Cowles, or otherwise concealed information about the benefits available to Plaintiff Cowles from the Plan.

**O.**    **Averments for John W. Weaver**

112.    In the months of September, November, and December 2001, Plaintiff Weaver spoke on the telephone and in person with Defendant Levandosky about his Plan account.

113.    During these conversations, Plaintiff Weaver asked Defendant Levandosky when he could get access to his Plan account.

114.    Defendant Levandosky told Plaintiff Weaver that he had to resign or retire to access the monies from his Plan account.

115.    Based on the statements from Defendant Levandosky, Plaintiff Weaver terminated his employment with Finch Pruyn in order to access his Plan monies.

116.    At the time Defendant Levandosky provided this incomplete information, Plaintiff Weaver did not know he could receive a hardship withdrawal from his Plan account without terminating his employment.

117.    Defendants misrepresented, misled Plaintiff Weaver, or otherwise concealed information about the benefits available to Plaintiff Weaver from the Plan.

## IV. FIRST CAUSE OF ACTION
## MADE AGAINST THE RETIREMENT BOARD

118.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "117" inclusive of this Complaint as if fully set forth herein.

119.    ERISA Section 404(a) provides that fiduciaries must discharge their duties with respect to an ERISA covered plan "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of providing benefits" and "defraying reasonable administrative expenses"  [29 U.S.C. §1104(a)(1)(A)].

120.    ERISA Section 404(a) also provides that fiduciaries must discharge their duties "in accordance with the documents and instruments governing the plan insofar as such documents and instruments" are consistent with federal law [29 U.S.C. §1104(a)(1)(D)].

121.    In accordance with the obligations of ERISA Section 404(a), ERISA fiduciaries are prohibited from making misrepresentations concerning, or otherwise misleading participants or beneficiaries about, the terms and conditions of the documents and instruments governing the employee benefit plan.

122.    As described in more detail above, Defendant members of the Retirement Board, acting in their capacity as fiduciaries, violated their ERISA fiduciary duties by misrepresenting or otherwise misleading Plaintiffs about the Plan Document by stating that Plaintiffs must resign or retire from their position with the Corporation in order to receive a withdrawal, loan, or other distribution of all or a portion of the monies from their Plan accounts.

123.    Plaintiffs were injured as a result of Defendants' violations of their ERISA fiduciary duties including, but not limited to, the loss of employment with the Corporation, the loss of additional elective deferrals to the Plan, and the loss of earnings related to their Plan accounts.

124.    As a result of the breaches of fiduciary duty described above, Defendant members of the Retirement Board are jointly and severally liable to make good to the Plan any losses resulting from their breaches of fiduciary responsibility, to restore to the Plan any profits of such fiduciary which have been made through the use of assets of the Plan, and such other equitable and remedial relief as the Court may deem appropriate, including, but not limited to, an injunction ordering Defendants to: (a) permit Plaintiffs to rescind their elections to resign or retire from the Corporation; (b) reinstate Plaintiffs to their positions with the Corporation with full back pay; and (c) restore Plaintiffs' Plan accounts with restoration of lost earnings.

## V.  SECOND CAUSE OF ACTION
## MADE AGAINST THE RETIREMENT BOARD

125.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1"

through "124" inclusive of this Complaint as if fully set forth herein.

126.    In accordance with the obligations of ERISA Section 404(a), ERISA fiduciaries are

required to provide complete and accurate information in response to inquires from participants or

beneficiaries about the terms and conditions of the employee benefit plan, and ERISA fiduciaries

likewise are prohibited from concealing or omitting material information in response to such questions.

127.    As described in more detail above, Defendant members of the Retirement Board, acting in

their capacity as fiduciaries, violated their ERISA fiduciary duties by failing to provide complete and

accurate information in response to inquires from Plaintiffs about the terms and conditions of the Plan

Document, and/or by concealing or omitting material information about the terms and conditions of the

Plan Document concerning whether Plaintiffs must resign or retire from their position with the

Corporation in order to receive a withdrawal, loan, or other distribution of all or a portion of the monies

from their Plan accounts.

128.    Plaintiffs were injured as a result of Defendants' violations of their ERISA fiduciary

duties including, but not limited to, the loss of employment with the Corporation, the loss of additional

elective deferrals to the Plan, and the loss of earnings related to their Plan accounts.

129.    As a result of the breaches of fiduciary duty described above, Defendant members of the

Retirement Board are jointly and severally liable to make good to the Plan any losses resulting from their

breaches of fiduciary responsibility, to restore to the Plan any profits of such fiduciary which have been

made through the use of assets of the Plan, and such other equitable and remedial relief as the Court may

deem appropriate, including, but not limited to, an injunction ordering Defendants to: (a) permit

Plaintiffs to rescind their elections to resign or retire from the Corporation; (b) reinstate Plaintiffs to their positions with the Corporation with full back pay; and (c) restore Plaintiffs' Plan accounts with restoration of lost earnings.

## VI.  THIRD CAUSE OF ACTION
## MADE AGAINST THE RETIREMENT BOARD

130.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "129" inclusive of this Complaint as if fully set forth herein.

131.    In accordance with the obligations of ERISA Section 404(a), ERISA fiduciaries are required to discharge their duties with respect to the plan solely in the interest of the participants and beneficiaries, an obligation typically referred to as the duty of loyalty.

132.    As described in more detail above, Defendant members of the Retirement Board, acting in their capacity as fiduciaries, violated their ERISA fiduciary duty of loyalty by providing misinformation to Plaintiffs about the terms and conditions of the Plan Document to encourage terminations of employment for the benefit of Defendant Finch Pruyn.

133.    Plaintiffs were injured as a result of Defendants' violations of their ERISA fiduciary duty of loyalty including, but not limited to, the loss of employment with the Corporation, the loss of additional elective deferrals to the Plan, and the loss of earnings related to their Plan accounts.

134.    As a result of the breaches of fiduciary duty described above, Defendant members of the Retirement Board are jointly and severally liable to make good to the Plan any losses resulting from their breaches of fiduciary responsibility, to restore to the Plan any profits of such fiduciary which have been made through the use of assets of the Plan, and such other equitable and remedial relief as the Court may deem appropriate, including, but not limited to, an injunction ordering Defendants to: (a) permit Plaintiffs to rescind their elections to resign or retire from the Corporation; (b) reinstate Plaintiffs to their

positions with the Corporation with full back pay; and (c) restore Plaintiffs' Plan accounts with restoration of lost earnings.

## VII.  FOURTH CAUSE OF ACTION
## MADE AGAINST THE RETIREMENT BOARD

135.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "134" inclusive of this Complaint as if fully set forth herein.

136.   ERISA Section 404(a) provides that fiduciaries must discharge their duties with respect to an ERISA covered plan "solely in the interest of the participants and beneficiaries" and "with the care, skill, prudence . . .that a prudent man" would use in such circumstances.  [29 U.S.C. §1104(a)(1)(B)].

137.   As described in more detail above, Defendant members of the Retirement Board, acting in their capacity as fiduciaries, are liable for the breaches of ERISA fiduciary duty described herein by failing to act with sufficient care, skill, prudence, and diligence to monitor fiduciaries in the performance of their duties.

138.   Plaintiffs were injured as a result of Defendants' violations of their ERISA fiduciary duties including, but not limited to, the loss of employment with the Corporation, the loss of additional elective deferrals to the Plan, and the loss of earnings related to their Plan accounts.

139.   As a result of the breaches of fiduciary duty described above, Defendant members of the Retirement Board are jointly and severally liable to make good to the Plan any losses resulting from their breaches of fiduciary responsibility, to restore to the Plan any profits of such fiduciary which have been made through the use of assets of the Plan, and such other equitable and remedial relief as the Court may deem appropriate, including, but not limited to, an injunction ordering Defendants to: (a) permit Plaintiffs to rescind their elections to resign or retire from the Corporation; (b) reinstate Plaintiffs to their

positions with the Corporation with full back pay; and (c) restore Plaintiffs' Plan accounts with restoration of lost earnings.

## VIII. FIFTH CAUSE OF ACTION
## MADE AGAINST RETIREMENT BOARD

140.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "139" inclusive of this Complaint as if fully set forth herein.

141.    In accordance with ERISA Section 405(a), ERISA fiduciaries are liable for the breaches of fiduciary responsibility by another fiduciary if their failure to act with the care, skill, prudence and diligence of a prudent man in the administration of the trust enables the other fiduciary to breach his or her duties [29 U.S.C. §1105(a)(1)(A)].

142.    As described in more detail above, Defendant members of the Retirement Board, acting in their capacity as fiduciaries, are liable for the breaches of ERISA fiduciary duty described herein by failing to act with sufficient care, skill, prudence, and diligence which enabled fiduciaries to distribute misinformation to Plaintiffs about the terms and conditions of the Plan Document.

143.    Plaintiffs were injured as a result of Defendants' violations of their ERISA fiduciary duties including, but not limited to, the loss of employment with the Corporation, the loss of additional elective deferrals to the Plan, and the loss of earnings related to their Plan accounts.

144.    As a result of the breaches of fiduciary duty described above, Defendant members of the Retirement Board are jointly and severally liable to make good to the Plan any losses resulting from their breaches of fiduciary responsibility, to restore to the Plan any profits of such fiduciary which have been made through the use of assets of the Plan, and such other equitable and remedial relief as the Court may deem appropriate, including, but not limited to, an injunction ordering Defendants to: (a) permit Plaintiffs to rescind their elections to resign or retire from the Corporation; (b) reinstate Plaintiffs to their

positions with the Corporation with full back pay; and (c) restore Plaintiffs' Plan accounts with restoration of lost earnings.

## IX.  SIXTH CAUSE OF ACTION
## MADE AGAINST FINCH PRUYN

145.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "144" inclusive of this Complaint as if fully set forth herein.

146.    Defendant Corporation exercised discretionary authority or control with respect to the Plan during the time periods relevant to this case, by, inter alia, appointing members of the Retirement Board to serve as Plan Administrator and as named fiduciary.

147.    To the extent Defendant Corporation exercised discretionary authority or control with respect to the Plan during the time periods relevant to this case, the Corporation was a fiduciary of the Plan within the meaning of ERISA Section 3(21)(A) [29 U.S.C. §1002(21)(A)].

148.    As described in more detail above, Defendant Corporation, in its capacity as a fiduciary, is liable for the breaches of ERISA fiduciary duty described herein by failing to act with sufficient care, skill, prudence, and diligence to appoint appropriate fiduciaries.

149.    Plaintiffs were injured as a result of Defendant's violations of its ERISA fiduciary duties including, but not limited to, the loss of employment with the Corporation, the loss of additional elective deferrals to the Plan, and the loss of earnings related to their Plan accounts.

150.    As a result of the breaches of fiduciary duty described above, Defendant Corporation is liable to make good to the Plan any losses resulting from its breaches of fiduciary responsibility, to restore to the Plan any profits of such fiduciary which have been made through the use of assets of the Plan, and such other equitable and remedial relief as the Court may deem appropriate, including, but not limited to, an injunction ordering Defendants to: (a) permit Plaintiffs to rescind their elections to resign

or retire from the Corporation; (b) reinstate Plaintiffs to their positions with the Corporation with full

back pay; and (c) restore Plaintiffs' Plan accounts with restoration of lost earnings.

## X. SEVENTH CAUSE OF ACTION
## MADE AGAINST FINCH PRUYN

151.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1"

through "150" inclusive of this Complaint as if fully set forth herein.

152.   Defendant Corporation exercised discretionary authority or control with respect to the

Plan during the time periods relevant to this case, by, inter alia, appointing members of the Retirement

Board to serve as Plan Administrator and as named fiduciary.

153.   To the extent Defendant Corporation exercised discretionary authority or control with

respect to the Plan during the time periods relevant to this case, the Corporation was a fiduciary of the

Plan within the meaning of ERISA Section 3(21)(A) [29 U.S.C. §1002(21)(A)].

154.   As described in more detail above, Defendant Corporation, in its capacity as a fiduciary, is

liable for the breaches of ERISA fiduciary duty described herein by failing to monitor the fiduciaries in

the performance of their duties.

155.   Plaintiffs were injured as a result of Defendant's violations of its ERISA fiduciary duty

including, but not limited to, the loss of employment with the Corporation, the loss of additional elective

deferrals to the Plan, and the loss of earnings related to their Plan accounts.

156.   As a result of the breaches of fiduciary duty described above, Defendant Corporation is

liable to make good to the Plan any losses resulting from its breaches of fiduciary responsibility, to

restore to the Plan any profits of such fiduciary which have been made through the use of assets of the

Plan, and such other equitable and remedial relief as the Court may deem appropriate, including, but not

limited to, an injunction ordering Defendants to: (a) permit Plaintiffs to rescind their elections to resign

or retire from the Corporation; (b) reinstate Plaintiffs to their positions with the Corporation with full

back pay; and (c) restore Plaintiffs' Plan accounts with restoration of lost earnings.

## XI.  EIGHTH CAUSE OF ACTION
## MADE AGAINST FINCH PRUYN

157.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1"

through "156" inclusive of this Complaint as if fully set forth herein.

158.    Defendant Corporation exercised discretionary authority or control with respect to the

Plan during the time periods relevant to this case, by, inter alia, appointing members of the Retirement

Board to serve as Plan Administrator and as named fiduciary.

159.    To the extent Defendant Corporation exercised discretionary authority or control with

respect to the Plan during the time periods relevant to this case, the Corporation was a fiduciary of the

Plan within the meaning of ERISA Section 3(21)(A) [29 U.S.C. §1002(21)(A)].

160.    In accordance with ERISA Section 405(a), ERISA fiduciaries are liable for the breaches of

fiduciary responsibility by another fiduciary if their failure to act with the care, skill, prudence and

diligence of a prudent man in the administration of the trust enables the other fiduciary to breach his or

her duties [29 U.S.C. §1105(a)(1)(A)].

161.    As described in more detail above, Defendant Corporation is liable for the breaches of

ERISA fiduciary duty described herein by failing to act with sufficient care, skill, prudence, and diligence

thereby enabling fiduciaries to commit breaches by distributing misinformation to Plaintiffs about the

terms and conditions of the Plan document.

162.    Plaintiffs were injured as a result of Defendant's violations of its ERISA fiduciary duty

including, but not limited to, the loss of employment with the Corporation, the loss of additional elective

deferrals to the Plan, and the loss of earnings related to their Plan accounts.

163.    As a result of the breaches of fiduciary duty described above, Defendant Corporation is liable to make good to the Plan any losses resulting from its breaches of fiduciary responsibility, to restore to the Plan any profits of such fiduciary which have been made through the use of assets of the Plan, and such other equitable and remedial relief as the Court may deem appropriate, including, but not limited to, an injunction ordering Defendants to: (a) permit Plaintiffs to rescind their elections to resign or retire from the Corporation; (b) reinstate Plaintiffs to their positions with the Corporation with full back pay; and (c) restore Plaintiffs' Plan accounts with restoration of lost earnings.

## XII.  NINTH CAUSE OF ACTION
## MADE AGAINST FINCH PRUYN

164.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "163" inclusive of this Complaint as if fully set forth herein.

165.    Defendant Corporation acted as a fiduciary by, *inter alia*, communicating with participants regarding Plan management, administration, benefits and other issues involving discretionary authority and control.

166.    Defendant Corporation exercised discretionary authority with respect to the Plan by periodically communicating directly to Plan participants about the benefits from the Plan.

167.    Defendant Corporation represented to Plan participants that it exercised discretionary authority with respect to the Plan.

168.    Defendant Corporation exercised ultimate control over the fiduciary functions of the Plan.

169.    To the extent Defendant Corporation exercised discretionary authority or control with respect to the Plan during the time periods relevant to this case, the Corporation was a fiduciary of the Plan within the meaning of ERISA Section 3(21)(A) [29 U.S.C. §1002(21)(A)].

170.   Defendant Corporation through its agents John E. Levandosky and Jeffrey W. Benway exercised discretionary authority with respect to the Plan by responding to inquiries from Plaintiffs about the terms of the Plan Document.

171.   Defendant Corporation through its agents John E. Levandosky and Jeffrey W. Benway exercised discretionary authority with respect to the Plan by interpreting its terms regarding benefits available to Plaintiffs from the Plan.

172.   Defendant Corporation through its agents John E. Levandosky and Jeffrey W. Benway exercised discretionary authority with respect to the Plan by representing to Plaintiffs that these agents were responsible for interpreting Plan terms regarding benefits available to Plaintiffs from the Plan.

173.   As described in more detail above, Defendant Finch Pruyn violated its ERISA fiduciary duties by failing to provide complete and accurate information in response to inquires from Plaintiffs about the terms and conditions of the Plan Document and/or by concealing or omitting material information about the terms and conditions of the Plan Document concerning whether Plaintiffs must resign or retire from their position with the Corporation in order to receive a withdrawal, loan, or other distribution of all or a portion of the monies from their Plan accounts.

174.   Plaintiffs were injured as a result of Defendant's violations of their ERISA fiduciary duties including, but not limited to, the loss of employment with the Corporation, the loss of additional elective deferrals to the Plan, and the loss of earnings related to their Plan accounts.

175.   As a result of the breaches of fiduciary duty described above, Defendant Finch Pruyn is liable to make good to the Plan any losses resulting from its breaches of fiduciary responsibility, to restore to the Plan any profits of such fiduciary which have been made through the use of assets of the Plan, and such other equitable and remedial relief as the Court may deem appropriate, including, but not limited to, an injunction ordering Defendants to: (a) permit Plaintiffs to rescind their elections to resign

or retire from the Corporation; (b) reinstate Plaintiffs to their positions with the Corporation with full

back pay; and (c) restore Plaintiffs' Plan accounts with restoration of lost earnings.

### XIII.  TENTH CAUSE OF ACTION
### MADE AGAINST FINCH PRUYN

176.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1"

through "175" inclusive of this Complaint as if fully set forth herein.

177.    Defendant Corporation acted as a fiduciary by, inter alia, communicating with participants

regarding management, administration and other issues involving discretionary authority and control.

178.    To the extent Defendant Corporation exercised discretionary authority or control with

respect to the Plan during the time periods relevant to this case, the Corporation was a fiduciary of the

Plan within the meaning of ERISA Section 3(21)(A) [29 U.S.C. §1002(21)(A)].

179.    As described in more detail above, Defendant Finch Pruyn violated its ERISA fiduciary

duties by misrepresenting or otherwise misleading Plaintiffs about the Plan Document by stating that

Plaintiffs must resign or retire from their position with the Corporation in order to receive a withdrawal,

loan, or other distribution of all or a portion of the monies from their Plan accounts.

180.    Plaintiffs were injured as a result of Defendant's violations of their ERISA fiduciary

duties including, but not limited to, the loss of employment with the Corporation, the loss of additional

elective deferrals to the Plan, and the loss of earnings related to their Plan accounts.

181.    As a result of the breaches of fiduciary duty described above, Defendant Finch Pruyn is

liable to make good to the Plan any losses resulting from its breaches of fiduciary responsibility, to

restore to the Plan any profits of such fiduciary which have been made through the use of assets of the

Plan, and such other equitable and remedial relief as the Court may deem appropriate, including, but not

limited to, an injunction ordering Defendant to: (a) permit Plaintiffs to rescind their elections to resign or

retire from the Corporation; (b) reinstate Plaintiffs to their positions with the Corporation with full back

pay; and (c) restore Plaintiffs' Plan accounts with restoration of lost earnings.

## XIV.  ELEVENTH CAUSE OF ACTION
## MADE AGAINST FINCH PRUYN

182.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1"

through "181" inclusive of this Complaint as if fully set forth herein.

183.    Defendant Corporation acted as a fiduciary by, inter alia, communicating with participants

regarding management, administration, and other issues involving discretionary authority and control.

184.    To the extent Defendant Corporation exercised discretionary authority or control with

respect to the Plan during the time periods relevant to this case, the Corporation was a fiduciary of the

Plan within the meaning of ERISA Section 3(21)(A) [29 U.S.C. §1002(21)(A)].

185.    As described in more detail above, Defendant Corporation violated its ERISA fiduciary

duty of loyalty by providing misinformation to Plaintiffs about the terms and conditions of the Plan

Document to encourage terminations of employment for the benefit of Defendant Corporation.

186.    Plaintiffs were injured as a result of Defendant's violations of their ERISA fiduciary duty

of loyalty including, but not limited to, the loss of employment with the Corporation, the loss of

additional elective deferrals to the Plan, and the loss of earnings related to their Plan accounts.

187.    As a result of the breaches of fiduciary duty described above, Defendant Finch Pruyn is

liable to make good to the Plan any losses resulting from its breaches of fiduciary responsibility, to

restore to the Plan any profits of such fiduciary which have been made through the use of assets of the

Plan, and such other equitable and remedial relief as the Court may deem appropriate, including, but not

limited to, an injunction ordering Defendant to: (a) permit Plaintiffs to rescind their elections to resign or

retire from the Corporation; (b) reinstate Plaintiffs to their positions with the Corporation with full back pay; and (c) restore Plaintiffs' Plan accounts with restoration of lost earnings.

## XV. TWELFTH CAUSE OF ACTION
## MADE AGAINST FINCH PRUYN

188.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "187" inclusive of this Complaint as if fully set forth herein.

189.    Defendant Corporation acted as a fiduciary by, inter alia, communicating with participants regarding management, administration, and other issues involving discretionary authority and control.

190.    To the extent Defendant Corporation exercised discretionary authority or control with respect to the Plan during the time periods relevant to this case, the Corporation was a fiduciary of the Plan within the meaning of ERISA Section 3(21)(A) [29 U.S.C. §1002(21)(A)].

191.    As described in more detail above, Defendant Corporation is liable for the breaches of ERISA fiduciary duty described herein by failing to act with sufficient care, skill, prudence, and diligence to prevent the distribution of misinformation to Plaintiffs about the terms and conditions of the Plan Document.

192.    Plaintiffs were injured as a result of Defendant's violations of their ERISA fiduciary duties including, but not limited to, the loss of employment with the Corporation, the loss of additional elective deferrals to the Plan, and the loss of earnings related to their Plan accounts.

193.    As a result of the breaches of fiduciary duty described above, Defendant Finch Pruyn is liable to make good to the Plan any losses resulting from its breaches of fiduciary responsibility, to restore to the Plan any profits of such fiduciary which have been made through the use of assets of the Plan, and such other equitable and remedial relief as the Court may deem appropriate, including, but not limited to, an injunction ordering Defendant to: (a) permit Plaintiffs to rescind their elections to resign or

retire from the Corporation; (b) reinstate Plaintiffs to their positions with the Corporation with full back pay; and (c) restore Plaintiffs' Plan accounts with restoration of lost earnings.

## XVI.  THIRTEENTH CAUSE OF ACTION
## MADE AGAINST FINCH PRUYN

194.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "193" inclusive of this Complaint as if fully set forth herein.

195.    An individual, including a non-fiduciary corporation, is liable to remedy the violations of ERISA where it has knowledge of a breach of fiduciary duty.

196.    Finch Pruyn had knowledge of the breaches of fiduciary duty described above and/or had knowledge of the circumstances that rendered the transactions involving Finch Pruyn, Plaintiffs, and the Plan unlawful.

197.    Regardless of whether Finch Pruyn is determined to be a fiduciary within the meaning of ERISA Section 3(21)(A) [29 U.S.C. §1002(21)(A)], Finch Pruyn is liable for the violations of ERISA described herein.

198.    As a result of the violation of ERISA described above, Defendant Finch Pruyn is liable for appropriate equitable and remedial relief, including, but not limited to, an injunction ordering Defendants to: (a) permit Plaintiffs to rescind their elections to resign or retire from the Corporation; (b) reinstate Plaintiffs to their positions with the Corporation with full back pay; and (c) restore Plaintiffs' Plan accounts with restoration of lost earnings.

## XVII.  FOURTEENTH CAUSE OF ACTION
## MADE AGAINST ALL DEFENDANTS

199.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1"

through "198" inclusive of this Complaint as if fully set forth herein.

200.    ERISA Section 510 makes it unlawful for any person to discharge, fine, suspend, expel,

discipline, or discriminate against a participant or beneficiary for exercising any right to which he is

entitled under the provisions of an employee benefit plan, ERISA Titles I and III, or the Welfare and

Pension Plans Disclosure Act, or for the purpose of interfering with the attainment of any right to which

such participant may become entitled under the Plan, ERISA Title I, or the Welfare and Pension Plans

Disclosure Act [29 U.S.C. §1140].

201.    As described in more detail above, Defendants discriminated against Plaintiffs for the

purpose of interfering with the attainment of rights under ERISA and/or the Plan, including, but not

limited to, the receipt of a hardship withdrawal or other benefit under the Plan.

202.    Plaintiffs were injured as a result of Defendants' violations of ERISA Section 510

including, but not limited to, the loss of employment with the Corporation, the loss of additional elective

deferrals to the Plan, and the loss of earnings related to their Plan accounts.

203.    As a result of the violation of ERISA described above, Defendants are liable for

appropriate equitable and remedial relief, including, but not limited to, an injunction ordering Defendants

to: (a) permit Plaintiffs to rescind their elections to resign or retire from the Corporation; (b) reinstate

Plaintiffs to their positions with the Corporation with full back pay; and (c) restore Plaintiffs' Plan

accounts with restoration of lost earnings.

## XVIII.  FIFTEENTH CAUSE OF ACTION
## MADE AGAINST ALL DEFENDANTS

204.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1"

through "203" inclusive of this Complaint as if fully set forth herein.

205.    ERISA Section 502(g)(1) provides in part that in any ERISA action, the Court may in its

discretion allow for reasonable attorneys' fees and costs of the action [29 U.S.C. §1132(g)(1)].

206.    Plaintiffs conduct this action in the interest of all of the Plan's participants and

beneficiaries, including Plaintiffs. Plaintiffs, therefore, seek relief to benefit the Plan as well as applicable

participants and beneficiaries.

207.    Plaintiffs are entitled to attorneys' fees because, among other reasons, Plaintiffs' position

has greater merit than Defendants' position, and Defendants' activities are to the detriment of the

participants and beneficiaries in the Plan.

208.    Pursuant to ERISA Section 502(g)(1), Plaintiffs request an award of attorneys' fees and

costs.

## XIX.  SIXTEENTH CAUSE OF ACTION
## MADE AGAINST FINCH PAPER LLC

209.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1"

through "208" inclusive of this Complaint as if fully set forth herein.

210.    Upon information and belief, Defendant Finch Paper LLC engages and operates a business

substantially identical to that conducted by Defendant Finch, Pruyn & Company.

211.    Upon information and belief, the customers serviced and the nature of the business

conducted by Defendant Finch Paper LLC is substantially identical to that of Defendant Finch, Pruyn &

Company.

212.    Defendant Finch, Pruyn & Company, upon information and belief, caused all or substantially all of its property, inventory and assets to be transferred and conveyed to Defendant Finch Paper LLC such that Defendant Finch Paper LLC utilizes the same tools and equipment and operates from the same physical location and address as Defendant Finch, Pruyn & Company.

213.    Defendant Finch Paper LLC is a successor to Finch, Pruyn & Company and/or is a mere extension of continuation of Defendant Finch, Pruyn & Company.

214.    Defendant Finch Paper LLC is a party to the same collective bargaining agreements that Defendant Finch, Pruyn & Company was bound to.

215.    Defendant Finch Paper LLC, as a successor, therefore is liable for appropriate and equitable relief, including reinstating Plaintiffs to their positions with the Corporation with full back pay for violations of ERISA alleged in Causes of Action One through Fifteen.

## XIX.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court award declaratory, injunctive, and other relief against Defendants, as follows:

A.    A declaration that fiduciary duties under ERISA were breached and that Plaintiffs are entitled to appropriate relief to remedy the violations;

B.    On Plaintiffs' First through Twelfth Causes of Action, judgment in an amount to make good to the Plan any losses resulting from breaches of fiduciary responsibility, to restore to the Plan any profits of such fiduciary which have been made through the use of assets of the Plan, and such other equitable and remedial relief as the Court may deem appropriate, including, but not limited to, an injunction ordering: (a) rescission of Plaintiffs' elections to resign or retire from the Corporation; (b)

reinstatement of Plaintiffs to their positions with the Corporation with full back pay; and (c) restoration of Plaintiffs' Plan accounts with restoration of lost earnings;

C.      On Plaintiffs' Thirteenth Cause of Action, judgment against Defendant Finch, Pruyn & Company for appropriate equitable and remedial relief, including, but not limited to, an injunction ordering: (a) rescission of Plaintiffs' elections to resign or retire from the Corporation; (b) reinstatement of Plaintiffs to their positions with the Corporation with full back pay; and (c) restoration of Plaintiffs' Plan accounts with restoration of lost earnings;

D.      On Plaintiffs' Fourteenth Cause of Action, judgment for appropriate equitable and remedial relief, including, but not limited to, an injunction ordering: (a) rescission of Plaintiffs' elections to resign or retire from the Corporation; (b) reinstatement of Plaintiffs to their positions with the Corporation with full back pay; and (c) restoration of Plaintiffs' Plan accounts with restoration of lost earnings;

E.      On Plaintiffs' Fifteenth Cause of Action, judgment for the attorneys' fees and costs incurred by Plaintiffs with respect to this action; and

F.      On Plaintiffs' Sixteenth Cause of Action, judgment against Defendant Finch Paper LLC for appropriate equitable and remedial relief, including an injunction ordering reinstatement of Plaintiffs to their former positions with full back pay.

G.    Such other equitable relief as the Court may deem just and appropriate.

DATED:  July 1, 2008

BLITMAN & KING LLP

By: _____

James R. LaVaute, of Counsel
Bar Roll No. 102020

Stephanie A. Miner
Daniel Kornfeld
Attorneys for Plaintiffs
Office and Post Office Address
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204
Telephone:  (315) 422-7111
Facsimile:  (315) 471-2623
E-Mail:  jrlavaute@bklawyers.com

jas\sam\PACE - FP401(k)\Pleadings\AmendedComplaint